BOARD OF ASSESSORS OF WEYMOUTH *vs.* TAMMY BROOK COMPANY. July 1, 1975. The board of assessors of Weymouth (assessors) is here on an appeal from a decision of the Appellate Tax Board (board) granting real estate tax abatements for the years 1969, 1970 and 1971 in the total amount of $5,463.26. The assessors question the board's determination of fair cash value of the subject property for each of the three taxable years on two grounds: (1) that the board was not warranted in finding that the conditions prevailing with regard to the property justified a capitalization of income rate of nine per cent; and (2) that the board erred in failing to consider the 1970 sale price of the subject property for the reason that rental income from the property was subject to control by the Federal Housing Authority. The property consists of a series of two-story apartment buildings constructed "in accordance with Federal Law FHA 221-D (3), a limited dividend concept, and all rentals must be approved by the Housing and Urban Development (HUD) department of the Federal Government." Each of the two experts testifying based his opinion of fair cash value on the capitalization of income method of appraisal. The assessors' expert employed a rate of return of four per cent while the taxpayer's expert employed a nine per cent rate for one year and a rate of

ten per cent for two years. The nine per cent rate was adopted by the board for the three years in question. It was open to the board to accept the testimony of the taxpayer's witness as the more convincing. *Assessors of Quincy* v. *Boston Consol. Gas Co.* 309 Mass. 60, 72 (1941). *Assessors of Lynnfield* v. *New England Oyster House, Inc.* 362 Mass. 696, 699-701 (1972). Furthermore, in the circumstances the board's decision to employ the income capitalization approach in determining fair cash value was entirely proper. See *Assessors of Lynnfield* v. *New England Oyster House, Inc., supra,* at 700. Cf. G. L. c. 58, § 10. Neither expert relied on the 1970 sale price to establish fair cash value and the board was entitled to find that the income capitalization approach would produce a more accurate figure than that reflected in the sale price. See *Tremont & Suffolk Mills* v. *Lowell,* 271 Mass. 1, 14-15 (1930). That conclusion was particularly appropriate in light of the Federal restrictions on the income which may be realized from the project. 24 C.F.R. § 221.532 (a) (1974). See *Lodge* v. *Swampscott,* 216 Mass. 260, 263 (1913).

> *Decision of the Appellate Tax Board affirmed with costs of appeal to the taxpayer.*

The case was submitted on briefs.

*Frank D. Rodick,* Town Counsel, for the Board of Assessors of Weymouth.

*David J. Saliba* for the taxpayer.