526 So.2d 707 (1988)
VALENCIA CENTER, INC., Appellant,
v.
Franklin B. BYSTROM, Dade County Property Appraiser, Burt Williams, Dade County Tax Collector and P. Randall Miller, Executive Director of the Department of Revenue, Appellees.
Nos. 87-2404, 87-2405, 87-2406 and 87-2407.
District Court of Appeal of Florida, Third District.
May 10, 1988.
John G. Fletcher, South Miami, for appellant.
Robert A. Ginsburg, Co. Atty., and Craig H. Coller and Daniel A. Weiss, Asst. Co. Attys., for appellees Franklin B. Bystrom and Burt Williams, Robert A. Butterworth, Atty. Gen., and Lealand L. McCharen, Asst. Atty. Gen., Tallahassee, for appellee Randall Miller.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
Valencia Center, Inc. appeals an order declaring section 193.023(6), Florida Statutes (1987), unconstitutional and upholding the property appraiser's tax assessment.
In an earlier challenge by Valencia of an assessment by the tax appraiser in 1980, we held that "[w]hat a property is currently used `as' is often not the highest and best use," and that fair market value was a more appropriate basis for ascertaining a just value. Bystrom v. Valencia Center, Inc., 432 So.2d 108, 110 (Fla. 3d DCA 1983), review denied, 444 So.2d 418 (Fla. 1984). We further held that to interpret section 193.011(2) in the method advanced by Valencia would be contrary to article VII, section 4, Florida Constitution (1968), which provides: "By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation... ."
Subsequently section 193.023(6) was enacted, which provides:
In making his assessment of improved property which is subject to a lease entered into prior to 1965 in an arm's *708 length, legally binding transaction, not designed to avoid ad valorem taxation, and which has been determined by the courts of this state to restrict the use of the property, the property appraiser shall assess the property on the basis of the highest and best use permitted by the lease and not on the basis of a use not permitted by the lease or of income which could be derived from a use not permitted by the lease. This subsection shall apply to all assessments which are the subject of pending litigation.
It is undisputed that the new statute effectively overrules our holding in the earlier case. For the same reason we affirmed the challenged 1980 assessment  that an interpretation of the law is unconstitutional if it fixes an assessed value below the fair market value because use of the property is restricted by terms of a lease  section 193.023(6) is also unconstitutional.
Affirmed.