543 So.2d 214 (1989)
VALENCIA CENTER, INC., Appellant,
v.
Franklin B. BYSTROM, Etc., et al., Appellees.
No. 72548.
Supreme Court of Florida.
April 27, 1989.
Rehearing Denied June 13, 1989.
*215 John G. Fletcher, South Miami, for appellant.
Robert A. Ginsburg, Dade County Atty., and Craig H. Coller and Daniel A. Weiss, Asst. County Attys., Miami, for appellees.
Arthur J. England, Jr. and Charles M. Auslander of Fine, Jacobson, Schwartz, Nash, Block & England, Miami, amicus curiae, for Intern. Council of Shopping Centers.
SHAW, Justice.
We have on appeal Valencia Center, Inc. v. Bystrom, 526 So.2d 707 (Fla. 3d DCA 1988), in which the district court found section 193.023(6), Florida Statutes (1987), unconstitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
This case presents two issues: whether section 193.023(6) is constitutional, and whether the property appraiser arrived at a proper assessment for shopping center property for the years 1981, 1982, 1984, and 1985. We hold that the statute is unconstitutional and that the property appraiser correctly arrived at a proper assessment.
Valencia Center owns real property developed for use as a shopping center. Current zoning allows office buildings up to thirteen stories high and neighboring properties have been developed for such use. Valencia attempted to develop the property at issue for thirteen-story use but was precluded from doing so by a judicial determination that a pre-1965 lease to Publix Supermarkets, which is highly favorable to Publix, restricts development. Active market demand indicates the property's highest and best use is for thirteen-story buildings, and throughout the tax years in question, the appraiser has based his assessment of the property's value on recent sales of comparable properties zoned for thirteen-story use. Were the assessment to be based on the property's current use as a shopping center and the income from the lease to Publix, the assessment undoubtedly would be reduced. This dispute has been ongoing and, during its course, the 1986 legislature enacted section 193.023(6), which provides:
(6) In making his assessment of improved property which is subject to a lease entered into prior to 1965 in an arm's length, legally binding transaction, not designed to avoid ad valorem taxation, and which has been determined by the courts of this state to restrict the use of the property, the property appraiser shall assess the property on the basis of the highest and best use permitted by *216 the lease and not on the basis of a use not permitted by the lease or of income which could be derived from a use not permitted by the lease. This subsection shall apply to all assessments which are the subject of pending litigation.
Our decision on the constitutionality of this statute is controlled by Interlachen Lake Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). There, we determined that the legislature cannot establish different classes of property for tax purposes other than those enumerated in article VII, section 4 of the Florida Constitution, which provides:

Section 4. Taxation; assessments.  By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
(a) Agricultural land or land used exclusively for non-commercial recreational purposes may be classified by general law and assessed solely on the basis of character or use.
(b) Pursuant to general law tangible personal property held for sale as stock in trade and livestock may be valued for taxation at a specified percentage of its value, may be classified for tax purposes, or may be exempted from taxation.
The statute in issue in Interlachen provided a favored taxing standard for unsold lots in platted subdivisions. Section 193.023(6) in the instant case creates a similar favored classification for property that is subject to a pre-1965 lease. This is an "unreasonable and arbitrary" classification. Interlachen, 304 So.2d at 435. Section 193.023(6), therefore, is unconstitutional.
While the legislature cannot arbitrarily classify property for favored tax treatment, it can establish the just valuation criteria that are to be applied to all property. Id. at 434. To accomplish this, the legislature has enacted section 193.011, which provides:

193.011 Factors to consider in deriving just valuations.  In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
(1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable local or state land use regulation and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium prohibits or restricts the development or improvement of property as otherwise authorized by applicable law;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property. .. .
§ 193.011, Fla. Stat. (1987).
This Court has found that the just valuation at which property must be assessed under the constitution and section 193.011 is synonymous with fair market value, i.e., the amount a purchaser, willing but not obliged to buy, would pay a seller who is willing but not obliged to sell. Walter v. Schuler, 176 So.2d 81 (Fla. 1965). In arriving at fair market value, the assessor must consider, but not necessarily use, each of the factors set out in section 193.011. Oyster Pointe Resort Condominium Ass'n v. Nolte, 524 So.2d 415 (Fla. 1988). The particular method of valuation, and the weight to be given each factor, is left to the discretion of the assessor, and his determination will not be disturbed on review *217 as long as each factor has been lawfully considered and the assessed value is within the range of reasonable appraisals. Blake v. Xerox Corp., 447 So.2d 1348 (Fla. 1984).
In challenging the assessment, Valencia argues that the property's potential use for thirteen-story buildings should not be considered in valuation because it does not represent the present or immediate future use of the property under section 193.011(2). This Court has addressed this particular issue long ago in City of Tampa v. Colgan, 121 Fla. 218, 230, 163 So. 577, 582 (1935), in which we ruled:
Prospective value alone cannot be made the substantive basis of an assessment, but can be considered to the extent that it enters into, or is reflected in, present value.
In arriving at fair market value, a willing buyer most certainly would consider that Valencia's property is zoned for thirteen-story buildings. The appraiser properly considered this potential future use.
As to whether the assessment should be decreased because of the below-market lease to Publix, this issue too has already been addressed by this Court. In Department of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756, 758 (Fla. 1977), we stated:
We reaffirm the general rule that in the levy of property tax the assessed value of the land must represent all the interests in the land. This means that despite the mortgage, lease, or sublease of the property, the landowner will still be taxed as though he possessed the property in fee simple. The general property tax ignores fragmenting of ownership and seeks payment from only one "owner."
(Citations omitted.) Here, the overall interest consists of two parts: the interest remaining in the hands of the owner-lessor, Valencia, and the interest held by the lessee, Publix. The amount a willing buyer would pay for the "fee simple" equals the value of both the lessor's and lessee's interests. The owner in this case, Valencia, has simply transferred a large part of the property's value to the lessee. Failing to consider the transferred interest would result in an assessment below fair market value.
We affirm the district court decision.
It is so ordered.
EHRLICH, C.J., and BARKETT and GRIMES, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON and KOGAN, JJ., concur.
McDONALD, Justice, dissenting.
I dissent. The just valuation clause of the Constitution was not meant to be infused by the courts with a particular appraisal methodology which ignores other reasonable appraisal factors. Section 193.023(6), Florida Statutes (1987), is a constitutionally drawn tax statute that is reasonably related to just property valuation, as urged by amicus in this cause. I believe that this statute simply confines the property appraiser's measurement of highest and best use of property encumbered by a long-term lease to the highest use allowed by the lease. In many ways, section 193.023(6) is simply a refinement of factor two listed in section 193.011, which requires lease-encumbered property to be valued in a manner consistent with the traditional income capitalization method for appraising property. The legislature can prescribe such a framework.
I endorse the views of the Washington Supreme Court as expressed in its recent decision in Folsom v. Spokane County, 106 Wash.2d 760, 725 P.2d 987 (1986), as the appropriate methodology of assessment in a situation of a long-term lease. I see no constitutional infirmity in directing an evaluation predicated on a capitalization of rents so long as current market rents are the predicate for the capitalization and not the rents expressed in old leases. See Folsom.
OVERTON and KOGAN, JJ., concur.