577 So.2d 573 (1991)
Ronald J. SCHULTZ, Etc., et al., Petitioners,
v.
TM FLORIDA-OHIO REALTY LTD. PARTNERSHIP, Respondent.
No. 75322.
Supreme Court of Florida.
March 28, 1991.
Robert A. Butterworth, Atty. Gen. and Joseph C. Mellichamp, III, Senior Asst. Atty. Gen., Tallahassee, and Robert E.V. Kelley, Jr. of Rydberg, Goldstein & Bolves, P.A., Tampa, for petitioners.
Kent G. Whittemore of Whittemore & Ramsberger, P.A., St. Petersburg, for respondent.
John G. Fletcher, South Miami, for amicus curiae, Valencia Center, Inc.
Gaylord A. Wood, Jr. of Gaylord A. Wood, Jr., Fort Lauderdale, and Willa A. Fearrington of Fearrington & Hyman, West Palm Beach, for amicus curiae, Rebecca E. Walker as Palm Beach County Property Appraiser.
Larry E. Levy of Macfarlane, Ferguson, Allison & Kelly, Tallahassee, for amicus curiae, James Page, Nassau County Property Appraiser and as President of the Property Appraisers' Ass'n of Florida and Ron Alderman, Hillsborough County Property Appraiser.
Robert A. Ginsburg, Dade Co. Atty., and Craig H. Coller and Daniel A. Weiss, Asst. Co. Attys., Miami, for amicus curiae, Joel W. Robbins, as Property Appraiser of Dade County.
Arthur J. England, Jr. and Eileen Ball Mehta of Fine Jacobson Schwartz Nash Block & England, Miami, for amicus curiae, International Council of Shopping Centers.
PER CURIAM.
We have for review Schultz v. TM Florida-Ohio Realty Ltd. Partnership, 553 So.2d 1203 (Fla. 2d DCA 1989), in which the Second District Court of Appeal certified the following question as being of great public importance:
WHAT IS THE PROPER METHOD OF ASSESSING FOR AD VALOREM PURPOSES INCOME-PRODUCING PROPERTY WHICH IS ENCUMBERED BY A LONG-TERM LEASE WHICH DOES NOT RETURN TO THE OWNER RENT CONSISTENT WITH THE CURRENT RENTAL VALUE FOR SIMILAR PROPERTY?
*574 553 So.2d at 1225. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The property that is the subject of the assessment at issue is approximately an 11-acre tract of land improved with a large department store-type building occupied by two tenants, a K-Mart and a waterbed store. The property is owned by the respondent, TM Florida-Ohio Realty Ltd. Partnership (taxpayer), and is encumbered by a 22-year lease agreement with K-Mart Department Stores that commenced in 1970 and that contains four five-year options to renew.
The respondent filed an action in circuit court contesting the 1986 assessment of the property by the property appraiser of Pinellas County in the amount of $3,981,400. After a trial at which experts for both parties testified, the trial court entered a final judgment declaring null and void the portion of the assessment which exceeds $2,950,000, the amount found to be the fair market value of the property by the taxpayer's expert. Although the trial court found "no problem in the methodology by which [the taxing authority] appraised the property in 1986," the court could not "judicially countenance an 89.1 percent increase in the appraisal evaluation in the space of one year" because the taxpayer could not have anticipated such an increase.
The trial court's reduced assessment was affirmed on appeal. The district court rejected the property appraiser's contention that the assessment must be upheld because: 1) section 193.011, Florida Statutes (1985),[1] merely requires a property appraiser to consider the various factors affecting the value of property; and 2) the evidence established that the appraiser considered each of those factors, including the "submarket"[2] rental income under the long-term lease. In the district court's view "submarket rental income from a long-term lease on real property should be weighed in arriving at a proper valuation of the property for ad valorem tax purposes." 553 So.2d at 1208 (emphasis added). Reasoning that the property appraiser's failure to accord any weight to the actual submarket rental income from the property resulted in an assessment that exceeded the fair market value of the property, the district court concluded that the appraiser did not give "proper consideration to the income factor specified in section 193.011, as did in effect the trial court in arriving at its reduced assessment." 553 So.2d at 1205. Although the property appraiser's alternative motions for rehearing and rehearing en banc were denied by the district court, the question as set forth above was certified to this court as being of great public importance. Id. at 1225.
We find our decision in Valencia Center v. Bystrom, 543 So.2d 214 (Fla. 1989), controlling and agree with the dissenting opinion below that the decision under review conflicts with Valencia Center and this Court's decision in Oyster Pointe Resort Condominium Association v. Nolte, 524 So.2d 415 (Fla. 1988). See Schultz, 553 So.2d at 1225 (Parker, J., dissenting). As we noted in Valencia Center,
This Court has found that the just valuation at which property must be assessed under the constitution and section 193.011 is synonymous with fair market value... . In arriving at fair market value, *575 the assessor must consider, but not necessarily use, each of the factors set out in section 193.011. Oyster Pointe Resort Condominium Ass'n v. Nolte, 524 So.2d 415 (Fla. 1988). The particular method of valuation, and the weight to be given each factor, is left to the discretion of the assessor, and his determination will not be disturbed on review as long as each factor has been lawfully considered and the assessed value is within the range of reasonable appraisals. Blake v. Xerox Corp., 447 So.2d 1348 (Fla. 1984).
543 So.2d at 216-17 (emphasis added). In Valencia Center, we went on to specifically reject the taxpayer's argument that an assessment should be decreased where the property is encumbered by a long-term below-market lease. Id. at 217. In rejecting that argument we noted that
this issue too has already been addressed by this Court. In Department of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756, 758 (Fla. 1977), we stated:
We reaffirm the general rule that in the levy of property tax the assessed value of the land must represent all the interests in the land. This means that despite the mortgage, lease, or sublease of the property, the landowner will still be taxed as though he possessed the property in fee simple. The general property tax ignores fragmenting of ownership and seeks payment from only one "owner."
(Citations omitted). Here, the overall interest consists of two parts: the interest remaining in the hands of the owner-lessor, Valencia, and the interest held by the lessee, Publix. The amount a willing buyer would pay for the "fee simple" equals the value of both the lessor's and lessee's interests. The owner in this case, Valencia, has simply transferred a large part of the property's value to the lessee. Failing to consider the transferred interest would result in an assessment below fair market value.
543 So.2d at 217 (emphasis added).
In accord with our opinion in Valencia Center, we answer the certified question as follows: When determining the fair market value of income-producing property which is encumbered by a long-term submarket lease, the assessor must consider but not necessarily use each of the factors set out in section 193.011. The ultimate method of valuation employed and the weight, if any, to be given each factor considered is within the discretion of the assessor. However, the resulting valuation must represent the value of all interests in the property  in other words, the fair market value of the unencumbered fee.
The taxpayer in this case has failed to meet its burden to show that the challenged valuation was not arrived at lawfully and is not supported by any reasonable hypothesis of legality. See Oyster Pointe, 524 So.2d at 417. As noted above, the trial court specifically found that the methodology by which the property was appraised was not "erroneous or improper." This finding is supported by the record.
It is clear from the extensive testimony of the property appraiser's expert that each of the eight criteria outlined in section 193.011 was considered in reaching the final valuation. The expert detailed the consideration given the income factor and specifically testified that the tax appraiser's office was aware of the lease which encumbered the property and of the income it generated. Based on his testimony, after making calculations according to an accepted income formula, it was concluded that the rent received was "submarket," that is, leases negotiated during 1986 for similar property would return a higher rental rate than that received for the subject property. Therefore, in order to arrive at a valuation of the unencumbered interest in the property, the income factor was afforded no weight and the cost factor served as the primary basis for the assessment. The taxpayer's expert agreed that the income received from the property was submarket and that if the challenged assessment must reflect the fair market value of the unencumbered fee interest in the property it would not be excessive.
Accordingly, because the taxpayer failed to show that the property appraiser did not *576 follow the requirements of law or that the assessed value is not within the range of reasonable appraisals, the decision below is quashed and the cause is remanded for reinstatement of the assessment of the property appraiser.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] Section 193.011, Florida Statutes (1985), provides in pertinent part:

Factors to consider in deriving just valuation.  In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
(1) The present cash value of the property ...;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property ...;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property. .. .
[2] The rental income under the subject lease is considered "submarket" because it is below the current rental rate for similar property.