586 So.2d 1068 (1991)
Joel W. ROBBINS, Etc., Appellant,
v.
SUMMIT APARTMENTS, LTD., Etc., Appellee.
No. 90-2118.
District Court of Appeal of Florida, Third District.
May 7, 1991.
Rehearing Denied June 7, 1991.
Robert A. Ginsburg, Dade County Atty., and Scott D. Fabricius, Asst. County Atty., for appellant.
Greenfield & DuVal, North Miami, and Louis C. Arslanian, Winter Park, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
The Dade County Property Appraiser appeals a final judgment reducing a property owner's tax assessment. For the following reasons, we reverse.
The Summit is a 237-unit apartment complex. The complex is regulated by HUD, and the rent is controlled. In 1988, the property appraiser assessed the property at $7,200,000. Subsequently, the special master reduced the assessment to $6,229,916. The taxpayer challenged that assessment in circuit court, and the property appraiser filed a counterclaim alleging that the assessed valuation was below just value.
At trial, the assistant property appraiser testified that in arriving at his assessment he considered the eight criteria for determining just value found in section 193.011, Florida Statutes (1989), including the highest and best use for the property, and utilized the cost approach, the market approach, and the income approach[1] in valuing the property at $7,200,000. The appraiser further testified to the sales prices and rental rates charged for comparable non-HUD properties and to his examination of financial statements for the property itself. The taxpayer's expert, using only the income approach, stated that the proper assessment was $5,562,900.
The trial court ruled in favor of the taxpayer. The corrected final judgment provided that the assessor had considered all of the factors enumerated in section 193.011 but that the taxpayer had refuted the presumption of correctness. Additionally, the trial court noted that this case involved *1069 "unique and special properties" because of the HUD regulations.
The trial court erred in adopting the taxpayer's valuation and in setting aside the property appraiser's assessment which was based upon all of the criteria found in section 193.011[2] and upon the value of all of the interests in the property.
"[T]he just valuation at which property must be assessed under the constitution and section 193.011 is synonymous with fair market value... . In arriving at fair market value, the assessor must consider, but not necessarily use, each of the factors set out in section 193.011. The particular method of valuation, and the weight to be given each factor, is left to the discretion of the assessor, and his determination will not be disturbed on review as long as each factor has been lawfully considered and the assessed value is within the range of reasonable appraisals."
Valencia Center, Inc. v. Bystrom, 543 So.2d 214, 216-217 (Fla. 1989). In Valencia, the taxpayer sought to have the assessment on its property reduced below the highest and best use for the property because development of the property was restricted by a below-market lease. In rejecting the taxpayer's argument, the Florida Supreme Court reaffirmed "the general rule that in the levy of property tax the assessed value of the land must represent all the interests in the land" despite the existence of a mortgage, lease, or sublease of the property. Id. at 217. Recently, in Schultz v. TM Florida-Ohio Realty Ltd. Partnership, 577 So.2d 573 (Fla. 1991), the Florida Supreme Court, in accord with its decision in Valencia, held that:
When determining the fair market value of income-producing property which is encumbered by a long-term submarket lease, the assessor must consider... each of the factors set out in section 193.011. The ultimate method of valuation employed ... is within the discretion of the assessor. However, the resulting valuation must represent the value of all interests in the property  in other words, the fair market value of the unencumbered fee.
Here, the valuation given by the taxpayer's expert failed to represent all of the interests in the property and failed to value the property as though the taxpayer possessed the property in fee simple. The appraiser's valuation, on the other hand, was properly based upon the fair market value of the unencumbered fee.
The taxpayer contends that the fair market value of the property should be reduced due to the HUD restrictions which limit the income derived from the property. In support of this proposition, the taxpayer urges us to follow Community Dev. Co. v. Bd. of Assessors, 377 Mass. 351, 385 N.E.2d 1376 (1979), wherein the Massachusetts Supreme Court held that the tax board erred in failing to consider HUD restrictions on the property in determining the proper estimated annual income figure for tax assessment purposes and in basing its valuation on higher fair market rates. The Massachusetts courts favor the capitalization of income method to determine the "fair cash value" of federally restricted housing projects. Id.; Board of Assessors v. Tammy Brook Co., 368 Mass. 810, 331 N.E.2d 531 (1975). However, the legislature in our state requires utilization of all of the statutory criteria outlined in section 193.011[3] to determine the just valuation of *1070 income-producing property. Therefore, we are not persuaded by the taxpayer's argument. Finally, even if a policy reason exists for reducing the valuation on HUD regulated properties, this court is required to follow the controlling decisions of the Florida Supreme Court. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
We conclude that, notwithstanding the existence of HUD regulations on the property, the taxpayer failed to show that the property appraiser did not follow the requirements of law or that the assessed value was not within the range of reasonable appraisals. Accordingly, we reverse the trial court's order and remand for reinstatement of the property appraiser's assessment.
Reversed and remanded with directions.
NOTES
[1] The appraiser testified that the cost, income, and market approaches are the three major approaches used for determining the tax assessment for income-producing properties.
[2] Even assuming that there was no formal inspection of the property within three years prior to assessment, this omission does not amount to noncompliance with section 193.011 on these facts.
[3] Section 193.011, Florida Statutes (1989), states that in arriving at just valuation the property appraiser shall take into consideration the following factors:

(1) The present cash value of the property ...;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvement thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property....