WHATLEY, Judge.
Gulf Coast Recycling, Inc., appeals a final judgment entered after a bench trial in favor of Rob Turner, as Hillsborough County Property Appraiser. The final judgment found that the ad valorem property tax assessment of the Property Appraiser was correct and that the property had a value of $1,704,166. We agree with Gulf Coast that the final judgment must be reversed because the Property Appraiser failed to follow the requirements of section 193.011, Florida Statutes (1997).
The property at issue is the Normandy Park apartment complex. After receiving notice of the Property Appraiser’s assessment of the property in 1997, Gulf Coast filed a petition to the Value Adjustment Board, seeking a review of the assessment. Gulf Coast argued the property was contaminated, the cost of the cleanup exceeded the value of the property, no potential purchaser would buy the property, and therefore, the property was without value.[1] After an evidentiary hearing, the hearing master found that the Property Appraiser failed to consider all of the factors in section 193.011. The hearing master also found that the evidence provided by Gulf Coast regarding the impact of cleanup costs on value was more convincing, and he reduced the assessment of the property to a nominal value of $100. The Value Ad *713 justment Board thereafter adopted the findings of the hearing master.
The Property Appraiser filed suit under section 194.086, Florida Statutes (1997), requesting that the original assessment on the property be reinstated. The trial court agreed with the Property Appraiser, finding that the property was currently being used as an apartment complex, and therefore, its use pursuant to section 193.011 was not diminished due to the contamination.
Although we agree with the trial court that the Property Appraiser must consider “the present use of the property” pursuant to section 193.011, we also observe that the Property Appraiser was required to consider all of the factors listed in that section in reaching his assessment. See Schultz v. TM Florida-Ohio Realty Ltd. Partnership, 577 So.2d 573 (Fla.1991); Roden v. Estech, Inc., 508 So.2d 728 (Fla. 2d DCA 1987); Bystrom v. Equitable Life Assurance Soc’y, 416 So.2d 1133 (Fla. 3d DCA 1982). Although a presumption of correctness attaches to a property appraiser’s assessment, that presumption is lost if the property appraiser fails to consider the factors in section 193.011. See Havill v. Lake Port Properties, Inc., 729 So.2d 467 (Fla. 5th DCA 1999). See also Bystrom, 416 So.2d at 1141 (holding that the failure to consider the necessary factors renders the valuation invalid). The Property Appraiser, as plaintiff below, had the burden of proof. See § 194.036(3).
We conclude that the Property Appraiser did not meet his burden of proof, and therefore, the trial court erred in reinstating his assessment. The Property Appraiser failed to consider the property’s present cash value and the condition of the property as required by section 193.011(1), (6). The present cash value of property is the amount a willing purchaser would pay a willing seller for the property. See § 193.011(1). Gulf Coast presented evidence at trial concerning both factors. Gulf Coast presented several experts who testified that the property has no present cash value. They testified that, in their opinion, no one would buy the property because the costs associated with the cleanup of the property exceed the value of the property. See Roden, 508 So.2d at 731 (“[T]he condition of the property may be such that the owner or a potential buyer would have to expend monies to make the property usable, thus lowering the value of the property.”). Gulf Coast also presented testimony regarding the condition of the property, including the extent of the contamination, the cleanup required by the United States Environmental Protection Agency, and the costs associated with that cleanup. Compare Finkelstein v. Department of Transp., 656 So.2d 921 (Fla.1995) (holding that evidence of contamination is relevant and admissible on the issue of market value in an eminent domain valuation trial).
Accordingly, we reverse the final judgment and remand for proceedings consistent with this opinion.
PATTERSON, C.J., and CAMPBELL, J., Concur.

. The property has been placed on the Superfund list by the United States Environmental Protection Agency. The contamination resulted from the burial of battery cases by Gulf Coast Lead Company, which burial was done at the direction of the Hillsborough County Health Department.