791 So.2d 29 (2001)
WAL-MART STORES, INC., a Florida corporation d/b/a Wal-Mart Super Center, Appellant/Cross-Appellee,
v.
Jim TODORA, as Property Appraiser of Sarasota County, Florida; Barbara Ford-Coates, as Tax Collector of Sarasota County; and Larry Fuchs, Executive Director of the Florida Department of Revenue, Appellees/Cross-Appellants.
Nos. 2D99-3779, 2D99-4324.
District Court of Appeal of Florida, Second District.
April 18, 2001.
*30 Steven L. Brannock, Robert E.V. Kelley, Jr., David C. Borucke, Joseph H. Weissman, and Stacy D. Blank of Holland & Knight, LLP, Tampa, for Appellant/Cross-Appellee.
John C. Dent, Jr. and Sherri L. Johnson of Dent & Cook, P.A., Sarasota, for Appellees/Cross-Appellants Todora and Fuchs.
Jorge L. Fernandez, County Attorney, Sarasota, and Milan Brkich, Assistant County Attorney, Sarasota, for Appellee Ford-Coates.
Gaylord A. Wood, Jr. and B. Jordan Stuart of Wood & Stuart, P.A., New Smyrna Beach, for Amicus Curiae Mzaourek, H.W. "Bill" Suber, Douglas Putnam, Abe Skinner and Ed Crapo, as state-wide property appraisers.
THREADGILL, Acting Chief Judge.
Wal-Mart Stores, Inc., plaintiff in an action contesting an ad valorem tax assessment, appeals a final judgment that upheld the assessment. Wal-Mart also appeals an order awarding costs to the defendants/appellees, who are the Property Appraiser of Sarasota County, the Tax Collector of Sarasota County, and the Executive Director of the Florida Department of Revenue. These appeals have been consolidated, and the appellees cross-appeal that portion of the second order that denied their motion for attorney's fees. We affirm.
The assessment in this case involved tangible personal property used in a Wal-Mart Super Center store, such as store fixtures and equipment. In its personal property tax return, Wal-Mart estimated the fair market value of the property at $2,524,567.[1] The Property Appraiser of Sarasota County valued the property at $2,564,580. Wal-Mart claims the property has been grossly overvalued. Although the parties raise several issues on appeal, the only issue that merits discussion is Wal Mart's argument that any sales tax included as part of the original purchase price of the property, as reported on the tax return, is a "cost of sale" that must be deducted when determining just valuation.
In arriving at just valuation, the property appraiser must consider the eight factors set forth in section 193.011, Florida Statutes (1997). Although the property appraiser must consider all of the factors, he may discard entirely any that are not probative of fair market value under the circumstances. See Turner v. Tokai Fin. Servs., Inc., 767 So.2d 494 (Fla. 2d DCA 2000). The method of valuation and the weight to be given each factor is left to the appraiser's discretion, and the decision will not be disturbed on review as long as each factor has been lawfully considered and the assessed value is within the range of reasonable appraisals. See Valencia Ctr., Inc. v. Bystrom, 543 So.2d 214 (Fla.1989). Because there are so many well-recognized approaches for arriving at an appraisal, the appraiser's decision may be overturned only if there is no reasonable hypothesis to support it. See Daniel v. Canterbury Towers, Inc., 462 So.2d 497 (Fla. 2d DCA 1984).
In this case, the property appraiser used the cost approach method of valuation. The *31 cost approach requires an appraiser to adjust the original acquisition cost of the property to current market replacement cost. That figure is then adjusted for depreciation. We find no error in the selection of this method, particularly in light of Wal-Mart's statement in its petition to the Sarasota County Value Adjustment Board that the cost approach was the most feasible and appropriate method of valuation for the subject property.
We also find no error in the assessment itself. Wal-Mart has not established that the property appraiser failed to consider properly the criteria of section 193.011; therefore, the assessment was entitled to a presumption of correctness. See § 194.301, Fla.Stat. (1997). Wal-Mart failed to overcome this presumption by proving, by clear and convincing evidence, that the assessment was in excess of just value. Wal-Mart's argument that the assessment exceeds just value because the property appraiser failed to deduct sales tax is unavailing. This court has recognized, in Turner, that sales tax should be deducted from the sales price of an item in determining just value under a market approach. The court in Turner, however, declined to express an opinion as to whether sales tax is properly included or deducted in the valuation of tangible personal property using any valuation method other than the market approach. See id. at 499 n. 2.
Acquisition costs, the starting point for assessments of property under a cost approach, are generally recognized to include freight, installation, taxes, and fees. See Int'l Ass'n of Assessing Officers, Property Assessment Valuation 360 (2d ed. 1996). As Judge Doughtie of the Eighth Judicial Circuit recently noted in a comprehensive analysis of the issue,
it is obvious that in determining how long to keep a fixture in use (which is what depreciation is really all about) the owner must consider all of the business costs involved in acquiring and installing the fixture. Part of the owner's decision to replace an item has be [sic] based on the total investment (including sales tax) he has in the item. This reasoning is supported by all of the authoritative appraisal texts recognized by the experts.
Wal-Mart Stores, Inc. v. Crapo, No. 97-CA-4728 (Fla. 8th Cir.Ct. Feb. 26, 2001). We agree with this reasoning.
The Fifth District, in Wal-Mart Stores, Inc. v. Mazourek, 778 So.2d 346 (Fla. 5th DCA 2000), recently held that sales tax must be excluded from consideration in establishing just value by mass appraisal under the cost approach. We disagree with the decision in that case and certify conflict to the Florida Supreme Court on this issue.
We affirm the final judgment and the order awarding costs. We also affirm the trial court's order denying the appellee's motion for attorney's fees.
DANAHY, (Senior) Judge, concurs.
FULMER, J., concurs in part; dissents in part with opinion.
FULMER, J., Concurring in part; dissenting in part.
I respectfully dissent because I believe that sales tax should have been excluded from consideration in establishing the just value of Wal-Mart's tangible personal property, as the Fifth District recently held in Wal-Mart Stores, Inc. v. Mazourek, 778 So.2d 346 (Fla. 5th DCA 2000). However, I agree that the trial court's judgment should be affirmed as to all remaining issues.
NOTES
[1] A property tax manager for Wal-Mart testified that this figure represented a depreciated value for the property, which was then used by Wal-Mart to estimate the tax assessment and set up an accrual account from which taxes would be paid. During litigation, Wal-Mart asserted values for the property ranging from $1,007,225 to $1,924,411.