BENTON, J.,
dissenting.
“[Cjonscious of our duty to interpret a legislative act so as to effect a constitutional result if it is possible to do so,” Chatlos v. Overstreet, 124 So.2d 1, 2 (Fla.1960), I would construe section 193.016, Florida Statutes,[4] as imposing process require *622 ments that do not inherently — and ought not be interpreted to — interfere with the constitutional imperative of “just valuation of all property for ad valorem taxation.” Art. VII, § 4, Fla. Const. On that basis, I would uphold the statute.
The first sentence in section 193.016, which requires only that the property appraiser “consider” what the valuation adjustment board did the year before (assuming no successful appeal), is not a directive to arrive at any assessment that does not represent just valuation. While the second sentence imposes more onerous requirements ■ and presents a closer question,[5] I would reject an interpretation of the second sentence, too, that would cabin exercise of the property appraiser’s discretion in any way that would not leave the property appraiser free to arrive at just valuation in keeping with section 193.011, Florida Statutes.
The majority opinion relies on the decisions in Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla.1973), and Valencia Center, Inc. v. Bystrom, 543 So.2d 214 (Fla.1989), cases in which our supreme court struck down statutes that dictated preferential assessments for certain owners of real estate. The court described the effect of the statute at issue in Interlachen as giving “a subdivision developer a tax break by treating his unsold lots as unplat-ted for tax valuation purposes until he sells sixty per cent of his lots, while all of the purchasers of his lots are not so favored.” 304 So.2d at 435. The statute struck down in Valencia would have required the property appraiser to favor the owners of property subject to certain long-term, below-market leases, by prohibiting assessment on the basis of the highest and best use of the property. In both Interlachen and Valencia, the offending statutes would, under the statutorily prescribed circumstances, have required discriminatory assessment even of adjacent parcels of real estate, on the basis of factors other than the parcels’ just value. Interlachen and Valencia are thus readily distinguishable from the present case.
Section 193.016 clearly does not, in the way the Interlachen and Valencia statutes did, “arbitrarily classify property for favored tax treatment.” Valencia, 543 So.2d at 216. There is nothing arbitrary about the historic distinction between real property and tangible personalty. Far from being arbitrary, some classification of property is necessary for the administration of the tax laws. See, e.g., § 193.052(2), Fla. Stat. (2002) (requiring returns of tangible personal property but not, ordinarily, any return of “real property the ownership of which is reflected in instruments recorded in the public records of the county in which the property is located”). In legal contemplation, moreover, no “class” consisting of property (real, personal or both) for which the value adjustment board adjusts assessments *623 (without being appealed) receives “favored tax treatment.”[6]
In enacting section 193.016, the Legislature did not “tax different classes of property on different bases.” Interlachen, 304 So.2d at 434. It prescribed certain procedures. Considering last year’s assessment [7] — whether adjusted by the value adjustment board or not — in the course of arriving at this year’s assessment — whether of tangible personalty or of realty- — is a perfectly reasonable way to proceed, and is no more an impediment to attaining just valuation than considering last year’s sales is. I respectfully dissent.

. The declaratory judgment below dealt with section 193.016, Florida Statutes (2001). Section 193.016 has not been amended since it was originally enacted. See Ch.2000-262, § 2, at 2693-94, Laws of Fla. Nor has section 193.011, which should be read in pari materia *622 with section 193.016, been amended since section 193.016 was enacted.

. Other elected constitutional officers have been required to articulate the basis on which they exercise their discretion. See § 775.087(5), Florida Statutes (2002) (“In every case ... in which the defendant did not receive the mandatory penalty, the state attorney must place in the court file a memorandum explaining why the minimum mandatory penalty was not imposed.”); Green v. State, 792 So.2d 643, 644 (Fla. 1st DCA 2001) (“[T]his statute does not appear to encroach on the executive's prosecutorial discretion any more tha[n] the Prison Releasee Reoffen-der Act, the constitutionality of which was upheld by the supreme court in the face of arguments very similar to those advanced here. See State v. Cotton, 769 So.2d 345 (Fla.2000).”).

. The majority opinion's assertion that “section 193.016 does provide favored treatment ... increasing] the likelihood of a favorable assessment” is not based on any evidence of record.

. Except as provided otherwise by article VII, section 4, subsection (c)(1), of the Florida Constitution, the property appraiser is not bound by any prior year's assessment. See, e.g., Keith Invs., Inc. v. James, 220 So.2d 695, 697 (Fla. 4th DCA 1969).