SILBERMAN, Judge.
This appeal arises out of a final judgment upholding the Sarasota County Property Appraiser’s 2006, 2007, and 2008 ad valorem tax assessments of ten properties leased by CVS EGL Fruitville Sarasota FL, LLC, and Holiday CVS, LLC (collectively “CVS”). The Property Appraiser’s assessments totaled approximately $97 million while CVS’s outside appraisals of the same properties totaled approximately $59 million. We reverse because the trial court erroneously employed the “any-reasonable-hypothesis” standard in evaluating the Property Appraiser’s assessments.
The proceedings below were initiated when CVS filed complaints in circuit court challenging each of the Property Appraiser’s three assessments. Among other things, CVS alleged that the assessments exceeded “just value” and resulted from the Property Appraiser’s use of improper valuation methodology. The complaints were consolidated, and the trial court ultimately entered a final judgment upholding the Property Appraiser’s assessment values.
On appeal, CVS argues that the trial court employed an erroneous legal standard in analyzing its challenge to the Property Appraiser’s tax assessments. This issue presents a question of law that is reviewed de novo. See Paul v. Wells Fargo Bank, N.A., 68 So.3d 979, 986 (Fla. 2d DCA 2011) (“The determination of the correct legal standard to apply is a question of law that we review de novo.”).
Section 194.301, Florida Statutes (2005),[1] provides the framework for the resolution of ad valorem tax challenges in Florida. Under that statute, a property appraiser’s ad valorem assessment is initially presumed to be correct. The presumption is lost if the taxpayer proves by a preponderance of the evidence that the appraiser either (1) did not “consider properly” the criteria set forth in section 193.011, Florida Statutes (2005),[2] or (2) arbitrarily used appraisal practices that are not generally applied. If the presumption of correctness is lost, the taxpayer must prove by a preponderance of the evidence that the assessment is “in excess of just value.” If the presumption of correctness remains, the taxpayer’s burden of proof changes to the clear and convincing evidence standard. § 194.301.
In the final judgment, the trial court found that the Property Appraiser had properly considered each of the eight criteria in section 193.011 and did not arbitrarily use appraisal practices that are not generally applied. The court determined that the presumption of correctness was not lost and concluded that CVS did not meet its consequent burden of proving by clear and convincing evidence that the assessment was in excess of just value. Although the trial court analyzed the issues within the framework of section 194.301, CVS asserts that the court applied the *291 wrong legal standard by utilizing the common-law standard that section 194.301 was enacted to abrogate rather than the legal standard contained within the statute.
The resolution of this issue requires an examination of the development of the framework for the resolution of ad valorem tax challenges under the common-law standard and section 194.301. Under the common law, a taxpayer could overcome the property appraiser’s presumptively correct assessment by proof that the assessment “is not within the range of reasonable appraisals.” Schultz v. TM Fla.-Ohio Realty Ltd. P’ship, 577 So.2d 573, 576 (Fla.1991); Blake v. Xerox Corp., 447 So.2d 1348, 1350 (Fla.1984). Under this standard, the trial court would uphold the assessment as long as the assessment was “supported by any reasonable hypothesis of legality.” Schultz, 577 So.2d at 575; Blake, 447 So.2d at 1350.
In 1997, the Florida Legislature enacted section 194.301, specifying the taxpayer’s burden of proof in order to overcome the presumption of correctness applicable to the property appraiser’s tax assessment. See ch. 97-85, § 1, at 504, Laws of Fla. Section 194.301 also specified the taxpayer’s burden of proof in challenging the amount of the assessments, depending upon whether the property appraiser retained or lost the presumption of correctness. As with the 2005 statute applicable to this case, the 1997 statute provided that if the presumption of correctness were lost, the taxpayer had the burden to prove by a preponderance of the evidence that the challenged assessment was in excess of just value. If the property appraiser retained the presumption of correctness, then the taxpayer had the burden to prove by clear and convincing evidence that the challenged assessment was in excess of just value. And the legislature expressly rejected the “any-reasonable-hypothesis” standard by providing as follows: “In no case shall the taxpayer have the burden of proving that the property appraiser’s assessment is not supported by any reasonable hypothesis of a legal assessment.” Id.
Despite this legislative mandate, the “any-reasonable-hypothesis” standard continued to be applied in cases reviewing decisions on post-1997 ad valorem tax challenges. In one such case, this court described the framework for the resolution of ad valorem tax challenges as follows:
In arriving at just valuation, the property appraiser must consider the eight factors set forth in section 193.011, Florida Statutes (1997). Although the property appraiser must consider all of the factors, he may discard entirely any that are not probative of fair market value under the circumstances. The method of valuation and the weight to be given each factor is left to the appraiser’s discretion, and the decision will not be disturbed on review as long as each factor has been lawfully considered and the assessed value is within the range of reasonable appraisals. Because there are so many well-recognized approaches for arriving at an appraisal, the appraiser’s decision may be overturned only if there is no reasonable hypothesis to support it.
Wal-Mart Stores, Inc. v. Todora, 791 So.2d 29, 30 (Fla. 2d DCA 2001) (emphasis added) (citations omitted). And the supreme court thereafter approved this legal analysis from Todora thus espousing the “any-reasonable-hypothesis” standard. See Mazourek v. Wal-Mart Stores, Inc., 831 So.2d 85, 90-91 (Fla.2002).
In 2009, the Florida Legislature enacted 194.3015, Fla. Stat. (2009), to redress the courts’ continued application of the “any-reasonable-hypothesis” standard in reviewing challenges to the property appraiser’s *292 assessments. See ch. 09-121, § 2, at 1528, Laws of Fla. Section 194.3015 provides as follows:
(1) It is the express intent of the Legislature that a taxpayer shall never have the burden of proving that the property appraiser’s assessment is not supported by any reasonable hypothesis of a legal assessment. All cases establishing the every-reasonable-hypothesis standard were expressly rejected by the Legislature on the adoption of chapter 97-85, Laws of Florida. It is the further intent of the Legislature that any cases published since 1997 citing the every-reasonable-hypothesis standard are expressly rejected to the extent that they are interpretative of legislative intent.
(2) This section is intended to clarify existing law and apply retroactively.
(Emphasis added.) Because the legislature rejected the application of “any cases published since 1997 citing the every-reasonable-hypothesis standard,” it follows that the legislature intended to supersede Todora and Mazourek. We must therefore give deference to the legislature and conclude that Todora and Mazourek are not controlling. See Regan v. ITT Indus. Credit Co., 469 So.2d 1387, 1390-91 (Fla. 1st DCA 1984) (concluding that it was not bound to follow a supreme court case based on legislation intended to supersede the case), approved, 487 So.2d 1047 (Fla.1986).
In the final judgment, the trial court seemingly followed the framework set forth in section 194.301 and ultimately concluded that the presumption of correctness was not rebutted and that CVS did not meet its consequent burden of proving by clear and convincing evidence that the assessment was in excess of just value. However, within this framework, the trial court also cited to Todora and Mazourek. The court discussed at length the evidence presented as to the Property Appraiser’s appraisal practices and the criteria contained in section 193.011, but observed that “as sensible as CVS’s position is on the issue, this court is bound to uphold the Property Appraiser’s valuation if there is any reasonable hypothesis to support it.” And the court concluded as follows:
In summary, the court finds defendants have properly considered the criteria identified in § 193.011, and that the appraiser’s assessed value of the ten properties is within the range of reasonable appraisals. Consequently, the statutory presumption of correctness has not been rebutted and plaintiffs’ evidence to the contrary does not meet the burden of being clear and convincing. The Property Appraiser’s just value determination for all three tax years stand [sic].
(Emphasis added.)
This language clearly reflects that the trial court applied the “any-reasonable-hypothesis” standard in both determining whether the presumption of correctness remained and whether CVS met its corresponding burden of proving that the assessment was in excess of just value. This was error because that standard has been abrogated by section 194.301 as clarified by the legislature in section 194.3015.
We therefore reverse and remand with directions for the trial court to re-evaluate the record evidence using only the legal standards set forth in section 194.301. In so doing, the court must determine whether the presumption of correctness is retained or lost. To make this determination, the court should analyze whether the Property Appraiser (1) failed to consider properly the section 193.011 criteria, or (2) arbitrarily used appraisal practices that are not generally applied. Then the court must determine whether CVS met its applicable burden of proving that the assessment is in excess of just value. If the *293 presumption of correctness is lost, the applicable burden of proof is by a preponderance of the evidence. If the presumption of correctness remains, the applicable burden of proof is by clear and convincing evidence. At no point during the trial court’s application of any of these standards should it consider whether the assessment is within the range of reasonable appraisals or whether it is supported by any reasonable hypothesis of legality.
Reversed and remanded.
WALLACE and SLEET, JJ„ Concur.

. Section 194.301 was amended in 2009 to change the burden of proof. See ch. 09-121, § 1, at 1527, Laws of Fla. However, this version of the statute has no application to the 2006, 2007, and 2008 assessments at issue in this case.

. Section 193.011 specifies the following eight criteria that a property appraiser must consider in determining just value: present cash value, highest and best use, location, size, cost and replacement value of improvements, condition, income, and net proceeds of the sale of the property.