ENGLAND, Justice.
We granted certiorari to review the decision of the Fourth District Court of Appeal in GAC Properties, Inc. v. Lanier, 345 So.2d 812 (Fla. 4th DCA 1977), on the basis of an asserted conflict with Spooner v. Askew, 345 So.2d 1055 (Fla.1976), and Armstrong v. State ex rel. Beaty, 69 So.2d 319 (Fla.1954).[1] The general proposition of law addressed in all these decisions is whether real property in one county of the state may be valued and assessed for ad valorem tax purposes by reference to the valuation of real property in another county. The narrow question presented in this case is whether a cause of action lies against the Department of Revenue to compel equalization of ad valorem tax valuations where real property situated in one county is assessed on the basis of a higher value than that assigned to allegedly identical property located in another county-
GAC Properties owns a large tract of undeveloped land on both sides of the Osceola-Polk County line. The Polk County tax appraiser valued that portion of the property in his jurisdiction for 1975 at $300 per lot, while the Osceola County appraiser valued the lands in his domain at $560 per lot. GAC Properties sued to reduce the Osceola County tax assessment, charging in Count II of its complaint that the discrepancy violates the “just valuation” requirement of Article VII, Section 4, Florida Constitution, and that the Department of Revenue has the responsibility to correct the imbalance. The trial court dismissed Count II of the complaint at the department’s request, but on an interlocutory appeal the district court reversed that determination and concluded that a cause of action was properly stated against the department.
The Spooner and Armstrong decisions quite clearly state that inter-county assessment uniformity is not required by the Constitution, and that variations even between adjacent counties are not a basis for lowering tax assessments which are neither greater than 100% of fair market value nor unequally or improperly determined in relation to other properties within the same county.[2] These principles flow from the constitutional directive that Florida’s counties each have their own tax appraiser.[3] We recognized in Spooner, of course, that the legislature has in recent years endeavored to equalize real property tax assessments among the counties by developing statewide valuation standards, and by superimposing the department as a monitoring force in an effort to achieve uniformity in procedures and equalization of results. We carefully noted the limits on the department’s authority, however, and observed *387 that in the last analysis the ability of the legislature to harmonize tax assessments throughout the state
“must remain conditioned by the Constitution’s directive that a class of county officers are [sic] assigned the primary responsibility to perform assessment functions. At best the legislative goal can be achieved only incrementally through cooperative efforts of the assessors and the Department, and by the development of procedures which will accommodate the responsibilities of both.”[4]
We decline to hold, merely on the basis of an allegation that different values have been assigned to adjacent properties of like character in different counties, that a taxpayer can claim a violation of the “just valuation” requirement or that the department can be compelled to equalize the values. The trial court properly dismissed that count of the complaint which sought relief from the department.
The decision of the court below is quashed, and the case is remanded for the district court to reinstate the trial court’s order of dismissal.
OVERTON, C. J., and BOYD, SUND-BERG and HATCHETT, JJ., concur.

. Art. V, § 3(b)(3), Fla.Const.

. Count II of GAC Properties’ complaint does not contend that the assessment in Osceola County exceeds 100% of fair market value. It does assert that the valuation is unequal in relation to other properties in Osceola County, but that challenge to the assessment is properly directed only to the tax appraiser for Osceola County, and not to the department. GAC Properties will have its day in court on that issue under allegations set out in paragraph 10(d) of Count 1 of its complaint. But see Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla.1976), regarding limitations on any claim of intra-county disparities in tax assessments.

.Art. VIII, § 1(d), Fla.Const.

. 345 So.2d at 1059-60. In also noting that the relatively new procedures for improving statewide uniformity had not seasoned in 1973 to the point of “flawless harmony” (Id. at 1060), we did not intend to imply that they would ever eradicate all inter-county variations. Infinite variations in the subjects of tax assessment, as well as the nature of the assessment process, preclude any serious prospect of ever achieving an assessment of each parcel of property within the state that is in complete and harmonious uniformity with every other parcel. All possible efforts toward the goal of uniformity should be pursued vigorously, but reasonable efforts short of the goal must always be tolerated.