ADKINS, Judge.
This is a review of a decision of the Fifth District Court of Appeal declaring section 193.481, Florida Statutes (1981), to be unconstitutional as applied, which is reported at 417 So.2d 1109 (Fla. 5th DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Section 193.481 requires the separate ad valorem assessment and taxation of separately-owned subsurface rights in Florida. The respondents in this case are owners of separate subsurface rights in several thousand acres of land in Volusia County, Florida. Volusia County is within the limits of the multi-county St. Johns River Water Management Taxing District. The respondents’ interests were separately assessed by the Volusia County property appraiser for the years 1975 through 1979. The respondents filed this action against the Department of Revenue and the Property Appraiser of Volusia County, John Turner, asserting a multitude of objections to the assessments and contending that the statute, section 193.481, is unconstitutional on its face and as applied to them. The trial court rejected respondents’ arguments and concluded that the disputed assessments and taxes on respondents’ subsurface rights were lawful and correct. However, the court declared that its judicial conscience was shocked by the “flagrant and continuous disregard of the clear terms of a mandatory statute” as evidenced by the failure of property appraisers in other counties to assess similar property. Accordingly, the trial court directed that a copy of the judgment be furnished to the governor and also ordered the Department of Revenue to take appropriate action to ensure compliance with section 193.481. The Department of Revenue filed an appeal and the taxpayers filed a cross-appeal.
*800 On appeal, the district court concluded that the statute is not necessarily unconstitutional on its face and is capable of being applied constitutionally, provided it is properly implemented as necessary to achieve uniformity and equality in the assessment and just valuation of subsurface mineral rights. However, the court reversed the judgment and remanded the cause to the trial court to act on its findings and to declare the statute unconstitutionally applied as to the assessments of the taxpayers’ subsurface rights in Volusia County. The trial court was also ordered to declare the assessments null and void, to require an appropriate refund of all taxes paid by the taxpayers under the illegal assessments, and to enjoin the collection of taxes levied upon the assessments.
The district court opinion explored in detail the legislative provisions which outline the responsibilities of the Department of Revenue in regards to ad valorem taxation. We agree with the court’s conclusion that the Florida Department of Revenue is clearly charged with implementing the legislature’s intention that Florida’s ad valorem taxation laws are enforced, implemented and administered uniformly throughout the state. § 195.027(1), Fla. Stat. (1981). Central to this duty is the Department’s responsibility of supervising Florida property appraisers and other local taxation officials and ensuring that they comply with the laws which govern the assessment, collection and administration of ad valorem taxes. The evidence clearly supports the conclusion of both the trial judge and the district court that the Department had taken no serious or effective action to require all Florida property appraisers to comply with the requirement of section 193.481 to assess subsurface interests in or to real property. Nevertheless, we cannot agree with the district court’s ultimate conclusion that the fact that these taxpayers’ subsurface rights were assessed in Volusia County when substantially all similar property was not assessed in other counties in the water management district and that the taxpayers’ property so assessed was valued at a level higher than the general level of assessments of substantially all other similar property in other counties in the district entitles those taxpayers to relief from their assessments.
This Court has rejected these arguments on previous occasions. In 1977 in Spooner v. Askew, 345 So.2d 1055 (Fla.1977), the Court rejected the argument that a properly assessed taxpayer can obtain relief by showing inequality of assessments in other counties. We stated: “This Court has never declared as invalid an entire tax roll which assesses property at 100% of full fair market value ... and it has never required a reevaluation of assessed real property values in one county based on comparative inequalities with assessed values in another county. Id. at 1057-58. We expressly recognized that statewide uniformity is “more a goal than a compellable right.” Id. at 1059. Again in 1978 in Straughn v. GAC Properties, Inc., 360 So.2d 385 (Fla.1978), the Court declined to hold, merely on the basis of an allegation that different values had been assigned to adjacent properties of like character in different counties, that a taxpayer could claim a violation of the “just valuation” requirement or that the Department could be compelled to equalize the values. Our tax system should strive to move toward uniformity, but a lack of statewide uniformity generally does not give a taxpayer a cause of action to reduce or cancel a valid tax assessment. We have recognized an exception to this general rule when all or substantially all of the property in a county is systematically assessed at a percentage of value less than a property owner’s property within that same county. Deltona Corporation v. Bailey, 336 So.2d 1163, 1168 (Fla.1976). But, the taxpayer/property owner must show that he has been singled out and specifically discriminated against vis-a-vis other taxpayers generally in the county. Southern Bell Telephone & Telegraph Co. v. County of Dade, 275 So.2d 4 (Fla.1973); Dade County v. Salter, 194 So.2d 587 (Fla.1966). The respondents have not alleged or shown such general, systematic underassessment of property within Volusia County. In no *801 sense have they claimed that their property interests have been singled out for unfavorable treatment as against all other property in the county.
The taxpayers also challenged the validity of the assessment of their severed subsurface mineral rights on the ground that section 193.481, Florida Statutes (1981), is facially void for vagueness because it directs that the use of statutes and regulations relating to the assessment of other real property shall apply to the separate assessment of such subsurface rights only “insofar as they may be applied.” The statute reads:
(1) Whenever the mineral, oil, gas, and other subsurface rights in or to real property in this state shall have been sold or otherwise transferred by the owner of such real property, or retained or acquired through reservation or otherwise, such subsurface rights shall be taken and treated as an interest in real property subject to taxation separate and apart from the fee or ownership of the fee or other interest in the fee. Such mineral, oil, gas, and other subsurface rights, when separated from the fee or other interest in the fee, shall be subject to separate taxation. Such taxation shall be against such subsurface interest and not against the owner or owners thereof or against separate interests or rights in or to such subsurface rights.
(2) The property appraiser shall, upon request of the owner of real property who also owns mineral, oil, gas, or other subsurface mineral rights to the same property, separately assess the subsurface mineral right and the remainder of the real estate as separate items on the tax roll.
(3) Such subsurface rights shall be assessed on the basis of a just valuation, as required by s. 4, Art. YII of the State Constitution, which valuation, when combined with the value of the remaining surface and undisposed of subsurface interests, shall not exceed the full just value of the fee title of the lands involved, including such subsurface rights.
The taxpayers assert that the delegation of discretion to the county appraiser to determine which factors in the statute will be applied when assessing subsurface rights results in an unlawful delegation of legislative authority for failing to provide sufficient standards for assessment.
The district court, recognizing the unique difficulty involved in the valuation of subsurface mineral rights, concluded that the discretion given appraisers by section 193.-481 did not make it facially vague and render it unconstitutional. But, the court also concluded that “there is absolutely no hope for uniformity” in valuation of subsurface rights in property “without detailed guidelines of statewide application.” 417 So.2d at 1116.
Section 193.011 sets forth eight factors and directs property appraisers to take them into consideration in arriving at just valuation. That section reads:
193.011 Factors to consider in deriving just valuation. — In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
(1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm’s length;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable local or state land use regulation and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium prohibits or restricts the development or improvement of property as otherwise authorized by applicable law;
(3) The location of said property;
(4) The quantity or size of said property;
*802 (5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements. When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.
The trial judge’s final judgment addressed this issue. We agree with his analysis. He stated:
In [appellees’] insistence that the valuation discretion of local property appraisers must be narrowly restricted and supplanted by rules, regulations and guidelines promulgated by the Legislature or the Department of Revenue, [appellees] fail to recognize that Florida property appraisers are constitutional officers who are of necessity provided with great discretion. Indeed, the preservation of the local property appraiser’s valuation discretion is of fundamental importance so long as the Florida Constitution mandates that ad valorem taxation in Florida shall be based upon just value, which is synonymous with fair market value. Walter v. Schuler, 176 So.2d 81 (Fla.1965). Determination of just value inherently and necessarily requires the exercise of appraisal judgment and broad discretion by Florida property appraisers. As stated in District School Board of Lee County v. Askew, 278 So.2d 272 (Fla.1973):
We have held that the Legislature has the power to regulate the method of assessments, but not to interfere with the assessor’s discretion.... There is great difficulty in precisely fixing property values so that the assessor is provided great leeway in his assessments, so long as he follows in good faith the requirements of the law.” (Citations omitted).
The determination of the just value of real property must be made, in the final analysis, by an exercise of sound appraisal judgment, based upon a proper application of recognized appraisal principles and the valuation guidelines prescribed in the just value law, Section 193.011, Florida Statutes. [Appellees’] insistence that more valuation regulations are needed to achieve the proper assessment of separately-owned subsurface rights in Florida is not supported by the evidence and, indeed, this contention is contrary to the evidence adduced at the trial. There is no question that the assessment of separately-owned subsurface rights is a difficult task. Both the identification of these interests, and their valuation, impose difficult burdens upon Florida property appraisers. But this is only one of many difficult tasks which are imposed by law on Florida property appraisers, who are charged with the duty, among other things, of identifying and determining the just value of all of the real property and tangible personal property within their respective counties each year.
The taxpayers also contend that the appraiser failed to properly follow the statutory valuation criteria specified in section 193.011. We find this argument to be without merit. The trial court expressly stated that the evidence presented refuted this contention of the taxpayers and found that the appraiser had properly and conscientiously considered all applicable valuation criteria specified in the statute. The final judgment of the trial court, in pertinent part reads:
Mr. DeBartolo’s testimony leaves no question in the Court’s mind that the Volusia County Property Appraiser and his staff have made a conscientious and competent *803 effort to determine the just values of the subject parcels as of the first day of each tax year in accordance with recognized appraisal principles and the valuation criteria specified in Section 193.011, Florida Statutes. The subject assessments were made on the basis of careful study of the subject properties as well as diligent investigation and careful consideration of available market data. The subject assessments and the massive amount of data collected by the property appraiser’s staff have been painstakingly reviewed and analyzed by statistical techniques and other methods. Although [appellees] have made a mighty effort to find some fault in the assessments made by the Volusia County Property Appraiser, or in the manner in which he made them, [ap-pellees] failed to do so. Credit should be given where credit is due. The [appel-lees’] painstaking, critical scrutiny of the subject assessments in these actions has revealed that the Volusia County Property Appraiser and his staff conscientiously complied with the law as stated in Section 193.481, and did so in a highly competent, professional manner.
Accordingly, we disagree with the decision of the Fifth District Court of Appeal. We find that section 193.481 has not been unconstitutionally applied and that the assessments on the respondents’ subsurface property rights are lawful and valid.
However, we expressly decline to approve the trial court’s injunction against the Department of Revenue. This Court answered the question of whether a cause of action lies against the Department to compel equalization of ad valorem tax valuations where real property situated in one county is assessed on the basis of a higher value than that assigned to allegedly identical property located in another county in Straughan v. GAC Properties. We declined to hold that the Department could be so compelled merely on the basis of an allegation that different values had been assigned to adjacent properties of like character in different counties. The factual distinctions in this case do not warrant a-contrary result and, thus, this Court’s holding in Straughan is dispositive on the issue of the validity of the trial court’s injunction.
We point out that the property owners suffer no financial detriment whatsoever by virtue of any lack of such separate assessments elsewhere. The lack of such separate assessments merely means that the entire just value is assessed against the surface owner.
The decision of the district court of appeal is quashed in part and approved in part. We agree with the trial judge that the mandatory provision of section 193.481, Florida Statutes (1981), must be implemented. However, this must be done without retention of jurisdiction by the trial court. That portion of the district court of appeal decision which reversed the part of the trial court’s order directing the Department of Revenue to do certain acts is approved. The trial judge had no authority to enter that part of the final judgment. In all other respects the final judgment of the trial judge is approved.
This cause is remanded to the District Court of Appeal with instructions to affirm that portion of the final judgment which we have approved.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, MCDONALD, EHRLICH and SHAW, JJ., concur.