789 So.2d 1053 (2001)
FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION, Appellant,
v.
CARIBBEAN CONSERVATION CORPORATION, INC., et al., Appellees.
State of Florida, ex rel., Robert A. Butterworth, Attorney General, Appellant,
v.
Caribbean Conservation Corporation, Inc., et al., Appellees.
Nos. 1D00-1389, 1D00-1804.
District Court of Appeal of Florida, First District.
June 12, 2001.
Rehearing Denied July 27, 2001.
James V. Antista, General Counsel, and Sharman M. Herrin, Assistant General Counsel, Fish & Wildlife Conservation Commission, Tallahassee, Attorneys for Appellant Fish & Wildlife Conservation Commission.
Thomas E. Warner, Solicitor General, and T. Kent Wetherell, II, Deputy Solicitor General, Office of the Solicitor General, Tallahassee, Attorneys for Appellant State of Florida, ex rel., Robert A. Butterworth, Attorney General.
Gary P. Sams, Dan R. Stengle, and Gary v. Perko of Hopping, Green, Sams & Smith, P.A., Tallahassee, Attorneys for Amicus Curiae Marine Industries Association of Florida, Inc.
*1054 S. Ansley Samson and David G. Guest of Earthjustice Legal Defense Fund, Tallahassee, Attorneys for Appellees Caribbean Conservation Corporation, Inc., et al.
PER CURIAM.
This is an appeal of a Final Summary Declaratory Judgment in which the trial court found portions of Chapter 99-245, Laws of Florida, to be unconstitutional. At issue is whether regulatory authority over endangered marine life arises under Article IV, section 9, and Article XII, section 23, of the Florida Constitution,[1] or whether such authority was conferred under Chapter 99-245, Laws of Florida.[2] We reverse and hold that the Legislature's delegation of regulatory authority over endangered marine life in Chapter 99-245, Laws of Florida, is constitutional, and subject to Chapter 120, Florida Statutes.[3]
Whether a state statute is constitutional is a pure issue of law, subject to de novo review. State, Dep't. of Ins. v. Keys Title and Abstract Co., Inc., 741 So.2d 599 (Fla. 1st DCA 1999), rev. denied, 770 So.2d 158 (Fla.2000). In our review of this case we have considered the functions and authority granted to the GFFC, MCF, and DEP, prior to the creation of the FWCC.
The trial court correctly determined that interpretation of Revision 5 is required to discern exactly what authority was transferred to the FWCC. However we disagree with the trial court's conclusion that the MFC had (and the FWCC now has) constitutional authority to establish rules regarding endangered species.
The trial court primarily relied on the Florida Supreme Court's opinion in State v. Davis, 556 So.2d 1104 (Fla.1990), to decide what authority was vested in the MFC and transferred to the FWCC by Revision 5. The trial court applied Davis too broadly.[4] A careful review of Davis *1055 shows it does not hold that the MFC had general concurrent authority with other agencies to regulate endangered species. Instead, that case holds the MFC had only incidental regulatory authority to establish rules that might impact upon endangered marine species (such as those pertaining to gear specifications), and that incidental authority did not usurp or affect the statutory authority specifically assigned to other agencies.
Because we hold the Legislature's delegation of regulatory authority in Chapter 99-245 is constitutional, the Final Summary Declaratory Judgment is REVERSED.
ERVIN, BOOTH, and ALLEN, JJ., CONCUR.
NOTES
[1] As amended in the November 1998 general election, and referred to on the ballot as "Revision 5".
[2] If regulatory authority is conferred by statute in Chapter 99-245, it is subject to rulemaking procedures pursuant to Chapter 120, Florida Statutes.
[3] Under Revision 5, regulatory authority over endangered marine life was consolidated within a single agency, the Florida Fish and Wildlife Conservation Commission [FWCC]. Chapter 99-245 was passed to implement Revision 5. Both Chapter 99-245 and Revision 5 became effective July 1, 1999. Prior to July 1, 1999, the State's regulation of wild animal life, fresh water aquatic life, and marine life, was exercised primarily by the Game and Freshwater Fish Commission [GFFC], the Marine Fisheries Commission [MFC], and the Department of Environmental Protection [DEP]. In creating the FWCC, Revision 5 abolished both the GFFC and the MFC, and granted to the FWCC the regulatory and executive powers previously held by those agencies, in effect merging the regulatory authority of those two commissions into the FWCC. Article XII, section 23(b), states "the jurisdiction of the [MFC] as set forth in statutes in effect on March 1, 1998, shall be transferred to the [FWCC]" and the MFC's jurisdiction transferred to the FWCC "shall not be expanded except as provided by general law."
[4] The trial court's judgment states: "The Davis case makes it clear that as of March 1, 1998, the [MFC] had the authority `to act with reference to endangered species', and that it was not precluded from `establishing rules that might impact upon endangered species.' This authority, the [Supreme] Court said, was not exclusive, but was shared with other state agencies."

However, the trial court expressly recognized the problems associated with its analysis: "That leaves open the question of how far the new commission can go in dealing with endangered or threatened species. Can it focus on such species specifically and directly, exercising regulatory or management authority which, historically, had not been exercised by the [MFC]. And, what if a commission rule that impacts endangered species conflicts with the rule of a state agency on the same subject."