ALLEN, J.
This case requires us to decide whether section 193.016, Florida Statutes, violates the uniform valuation requirement of article VII, section 4 of the Florida Constitution.[1] Although the trial court found only a portion of the statute unconstitutional, we conclude that the entire statute is facially unconstitutional.[2]
Subject to exceptions not relevant in this case, article VII, section 4 requires the legislature to enact a property valuation methodology for purposes of ad valorem taxation, and it directs that this methodology must be uniformly applicable to all types of property. Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla.1973). In furtherance of this constitutional directive, the legislature has specified uniform factors to be considered by property appraisers in arriving at just valuations for all types of property. See § 193.011, Fla. Stat.
When the legislature has departed from the constitutional directive by enacting statutes which provide alternative methodologies for valuation of specific classes of property, challenges to such statutes have been sustained. Snyder, supra (holding unconstitutional a statute providing a valuation methodology unique to unsold lots in platted subdivisions); Valencia Center, Inc. v. Bystrom, 543 So.2d 214 (Fla.1989)(holding unconstitutional a statute providing a valuation methodology unique to real property subject to specified pre-1965 lease agreements).
Section 193.016 suffers from the same constitutional infirmity as did the statutes involved in Snyder and Bystrom, because it prescribes a valuation methodology applicable to only a special class of tangible personal property. The statute provides:
193.016 Property appraiser’s assessment; effect of determinations by value adjustment board. — If the property appraiser’s assessment of the same items of tangible personal property in the previous year was adjusted by the value adjustment board and the decision of the board to reduce the assessment was not successfully appealed by the property appraiser, the property appraiser shall consider the reduced values determined by the value adjustment board in assessing those items of tangible personal property. If the property appraiser adjusts upward the reduced values previously determined by the value adjustment board, the property appraiser shall assert additional basic and underlying facts not properly considered by the value adjustment board as the basis for the increased valuation notwithstanding the prior adjustment by the board.
Although the statute specifies a valuation methodology applicable only to a limited class of tangible personal property, the trial court determined that only the second *621 sentence of the statute violates article VII, section 4. As to the first sentence of the statute, the trial court reasoned:
The requirement that the property appraiser “shall consider” the reduced values of the value adjustment board (“VAB”) does not usurp the discretion and power of the property appraiser to value property at just value. The property appraiser can consider and reject this additional factor in determining the just value of the property.
The trial court is correct that the first sentence of the statute merely requires the property appraiser to “consider” the prior year tangible personal property assessment reduction made by the value adjustment board. However, this mandated consideration is nevertheless an essential component of the valuation methodology for this special class of property.
As previously indicated, the legislature enacted section 193.011 in compliance with article VII, section 4, which requires the legislature to adopt a uniform methodology for valuation of all types of property for purposes of ad valorem taxation. Section 193.011 specifies a list of eight factors which “the property appraiser shall take into consideration ” in arriving at a just valuation for all types of property (emphasis supplied). The legislature is authorized to add to or modify the list of factors to be considered by the property appraiser when determining valuations for all types of property. But, except in circumstances specified in article VII, section 4, and not present in this case, it may not provide additional or different factors which are applicable to only a limited class of property.[3] Because this is the effect of both sentences of section 193.016, the statute violates article VII, section 4 of the state constitution and is facially unconstitutional in its entirety.
The order under review is accordingly affirmed in part and reversed in part.
DAVIS, J, concurs; BENTON, J., dissents with written opinion.

. Our review is de novo. See City of Miami v. McGrath, 824 So.2d 143, 146 (Fla.2002); Florida Fish & Wildlife Conservation Comm'n v. Caribbean Conservation Corp., Inc., 789 So.2d 1053, 1054 (Fla. 1st DCA 2001); Philip J. Padovano, Florida Appellate Practice § 9.4, at 132 (2003 ed.).

. We reject the appellant/cross-appellee’s contention that the appellees/cross-appellants lack standing.

. The dissent posits that the statute should be upheld because it does not "arbitrarily classify property for favored tax treatment.” This observation overlooks two important points.
First, although a non-arbitraiy, rational basis might exist for providing a different valuation methodology for the class of property referenced in section 193.016, this is not the proper inquiry for determining whether the statute complies with article VII, section 4.
Under the 1885 Constitution, we had held that the legislature could tax different classes of property on different bases, as long as the classification was reasonable. Lanier v. Overstreet, 175 So.2d 521 (Fla.1965). The people of this State, however, by enumerating in their new Constitution which classifications they want, have removed from the legislature the power to make others.
Snyder, 304 So.2d at 434.
Second, section 193.016 does provide favored treatment for the class of property referenced therein. In requiring the property appraiser to consider the prior year tangible personal property assessment reduction made by the value adjustment board, and in further requiring the property appraiser to explain any upward deviation from the prior year assessment, the statute increases the likelihood of a favorable assessment for the owners of this special class of property, by either the property appraiser or the value adjustment board.