916 So.2d 640 (2005)
FLORIDA DEPARTMENT OF REVENUE, Appellant,
v.
Joseph C. HOWARD, et al., Appellees.
No. SC03-2270.
Supreme Court of Florida.
June 30, 2005.
Rehearing Denied November 28, 2005.
*641 Charles J. Crist, Jr., Attorney General, Christopher M. Kise, Solicitor General, Louis F. Hubener, Chief Deputy Solicitor General, and Nicholas Bykowsky, Assistant Attorney General, Tallahassee, FL, for Appellant.
Evan J. Langbein of Langbein and Langbein, P.A., Miami, FL, Robert A. Ginsburg, Miami-Dade County Attorney, Thomas W. Logue, Assistant County Attorney, Miami, FL and Gaylord A. Wood, Jr., of Wood and Stuart, P.A., Fort Lauderdale, FL, for Appellees.
Larry E. Levy and Loren E. Levy of the Levy Law Firm, on behalf of Property Appraisers' Association of Florida, Inc., Tallahassee, FL, for Amicus Curiae.
ANSTEAD, J.
We have on appeal a decision of a district court of appeal declaring invalid a state statute. Fla. Dep't of Revenue v. Howard, 859 So.2d 619 (Fla. 1st DCA 2003). We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons set out below, we reverse the decision of the First District Court of Appeal and uphold the constitutionality of section 193.016, Florida Statutes (2001), requiring a property appraiser to consider the results of an appeal before a value adjustment board (VAB) in the prior year in determining the current just value of tangible personal property.

PROCEEDINGS TO DATE
The appellees include taxpayers who own real estate in Broward and Miami-Dade counties. The taxpayers sued the Department of Revenue and the county property appraisers and sought a declaratory judgment in the circuit court contending that section 193.016 violated the tax assessment provisions of the Florida Constitution by interfering with the property appraiser's discretion to determine just value, and by favoring tangible personal property owners who may have received a reduced assessment from an administrative VAB in the previous tax year.
Section 193.016 provides:
Property appraiser's assessment; effect of determinations by value adjustment board.  If the property appraiser's assessment of the same items of tangible personal property in the previous year was adjusted by the value adjustment board and the decision of the board to reduce the assessment was not successfully appealed by the property appraiser, the property appraiser shall consider the reduced values determined by the value adjustment board in assessing those items of tangible personal property. If the property appraiser adjusts upward the reduced values previously determined by the value adjustment board, the property appraiser shall assert additional basic and underlying facts not properly considered by the value adjustment board as the basis for the increased valuation notwithstanding the prior adjustment by the board.
§ 193.016, Fla. Stat. (2001). The trial court concluded that the requirement in section 193.016 that the appraiser "shall consider" the reduced assessment by the VAB in the prior year did not interfere with the appraiser's authority and discretion to determine just value in accord with article VII, section 4 of the Florida Constitution. Howard, 859 So.2d at 620-21. However, the trial court concluded that the provision of the statute requiring the property appraiser to "assert additional basic and underlying facts not properly considered by the value adjustment board" in *642 order to avoid the effect of the VAB's ruling did impede the appraiser's discretion in determining just value in violation of article VII, section 4. Id.
On appeal, the First District, in a two-to-one decision, concluded that the statute was unconstitutional in its entirety because it created a separate valuation methodology for a special class of property in violation of article VII, section 4. Id. at 621.

ANALYSIS
The Department of Revenue contends that the First District erred in concluding that section 193.016 violates the just valuation provisions of article VII, section 4. While we review decisions striking state statutes de novo, we are obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome whenever possible. See Eastern Air Lines, Inc. v. Dep't of Revenue, 455 So.2d 311, 314 (Fla.1984); Chatlos v. Overstreet, 124 So.2d 1, 2 (Fla.1960). We do so here.
Article VII, section 4 of the Florida Constitution mandates the Legislature to prescribe regulations that "shall secure a just valuation of all property for ad valorem taxation." This Court has held that, under this mandate for just valuation, the just valuation of all property, except for the different classes of property actually listed in section 4, must be measured under uniform objective standards. See Valencia Ctr., Inc. v. Bystrom, 543 So.2d 214, 216 (Fla.1989); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433, 434-35 (Fla.1973).
We have also held that while the Legislature could establish just valuation criteria to be applied in determining the just value of property for tax purposes, it could not arbitrarily classify some property for favored tax treatment. See Bystrom, 543 So.2d at 216; Snyder, 304 So.2d at 434-35. Logically, of course, such classification could lead to other property carrying a disproportionate share of the tax burden. See Bystrom, 543 So.2d at 216; Williams v. Jones, 326 So.2d 425, 430 (Fla.1975). Accordingly, while the Legislature has the power to set criteria for taxation purposes to ensure an equitable distribution of the tax burden, it cannot establish criteria that favor certain taxpayers over others. Williams, 326 So.2d at 432; Snyder, 304 So.2d at 435.
In furtherance of the mandate of article VII, section 4, that all property be assessed at just value, the Legislature has enacted section 193.011, Florida Statutes (2001), which lists eight factors the property appraiser must consider in determining just valuation. Section 193.011 provides:
Factors to consider in deriving just valuation.In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
(1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable judicial limitation, local or state land use regulation, or historic preservation ordinance, and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium or judicial *643 limitation prohibits or restricts the development or improvement of property as otherwise authorized by applicable law. The applicable governmental body or agency or the Governor shall notify the property appraiser in writing of any executive order, ordinance, regulation, resolution, or proclamation it adopts imposing any such limitation, regulation, or moratorium;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements. When the net proceeds of the sale of any property are utilized, directly or indirectly, in the determination of just valuation of realty of the sold parcel or any other parcel under the provisions of this section, the property appraiser, for the purposes of such determination, shall exclude any portion of such net proceeds attributable to payments for household furnishings or other items of personal property.
Under Florida's Constitution and this Court's case law the particular method of valuation and the weight to be given the factors set out in section 193.011 are left to the discretion of the appraiser. See Bystrom, 543 So.2d at 216-17. The "[d]etermination of just value inherently and necessarily requires the exercise of appraisal judgment and broad discretion by Florida property appraisers." Dep't of Revenue v. Ford, 438 So.2d 798, 802 (Fla.1983) (quoting trial court's judgment). Thus, "[t]he property appraiser's determination of assessment value [is] an exercise of administrative discretion within the officer's field of expertise." Mazourek v. Wal-Mart Stores, Inc., 831 So.2d 85, 89 (Fla.2002) (quoting Blake v. Xerox Corp., 447 So.2d 1348, 1350 (Fla.1984)).
The Department contends that section 193.016 does not violate article VII, section 4's provisions, because the statute merely adds, in essence, a "ninth factor" to section 193.011the VAB's reduced assessment in the prior yearfor the property appraiser to consider along with those other factors set out in section 193.011, when assessing tangible personal property. The Department further argues that the second sentence in section 193.016 simply requires the appraiser to explain his or her actions if he or she decides to assess the value of the property at a higher value than that recently lawfully determined by the VAB.
On the other hand, the taxpayers argue that section 193.016 creates an arbitrary and select classification for tangible personal property that has received a reduced valuation in administrative proceedings, and the section's mandate is more than simply an additional neutral factor for consideration because it usurps the appraiser's broad discretion to determine just value in accord with article VII, section 4. Taxpayers point to the statute's specific mandate requiring the appraiser to assert a factual basis not considered by the VAB to support any upward departure from the VAB's prior assessment as particularly intrusive to the appraiser's broad discretion.

Special Class
Initially, we agree with the dissent below that section 193.016 does not arbitrarily create a class of property for favored *644 tax treatment in the way we found unconstitutional in Interlachen and Valencia. Rather, those cases represent instances of obvious discrimination in the tax treatment of comparable parcels of property. As Judge Benton explained in his dissent:
The majority opinion relies on the decisions in Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla.1973), and Valencia Center, Inc. v. Bystrom, 543 So.2d 214 (Fla.1989), cases in which our supreme court struck down statutes that dictated preferential assessments for certain owners of real estate. The court described the effect of the statute at issue in Interlachen as giving "a subdivision developer a tax break by treating his unsold lots as unplatted for tax valuation purposes until he sells sixty per cent of his lots, while all of the purchasers of his lots are not so favored." 304 So.2d at 435. The statute struck down in Valencia would have required the property appraiser to favor the owners of property subject to certain long-term, below-market leases, by prohibiting assessment on the basis of the highest and best use of the property. In both Interlachen and Valencia, the offending statutes would, under the statutorily prescribed circumstances, have required discriminatory assessment even of adjacent parcels of real estate, on the basis of factors other than the parcels' just value. Interlachen and Valencia are thus readily distinguishable from the present case.
Howard, 859 So.2d at 622 (Benton, J., dissenting). We agree with this assessment of our prior case law, and we also agree with Judge Benton's observation that section 193.016's provisions do not run afoul of the constitutional restrictions on the discriminatory classification of property.
Rather than providing for a discriminatory classification of property, the provisions of section 193.016 merely require a property appraiser to consider a legal and historical circumstance concerning the valuation of the taxpayer's property. That circumstance is that the property's assessed valuation was recently determined in a binding decision by an entity lawfully charged to do so. Consistent with this policy of requiring attention to this recent determination, the Legislature has further determined that if the appraiser desires to disregard the VAB's findings from the previous year and increase the tax assessment for the tangible personal property in question, the appraiser should provide an explanation for doing so. We do not find that these provisions create an arbitrary or discriminatory classification of property in the way contemplated by article VII, section 4's provisions. Again, we agree with Judge Benton's conclusion:
In legal contemplation, moreover, no "class" consisting of property (real, personal or both) for which the value adjustment board adjusts assessments (without being appealed) receives "favored tax treatment." [n.6]
[n.6] The majority opinion's assertion that "section 193.016 does provide favored treatment ... increase[ing] the likelihood of a favorable assessment" is not based on any evidence of record.
In enacting section 193.016, the Legislature did not "tax different classes of property on different bases." Interlachen, 304 So.2d at 434. It prescribed certain procedures. Considering last year's assessmentwhether adjusted by the value adjustment board or notin the course of arriving at this year's assessmentwhether of tangible personalty or of realtyis a perfectly reasonable way to proceed, and is no more an impediment *645 to attaining just valuation than considering last year's sales is.
Id. at 622-23 (footnote 7 omitted). And, of course, we note that these provisions apply to all tangible personal property because the valuation of all such property is subject to review by the VAB if challenged by the taxpayer. Accordingly, we agree with the dissent below and the Department that no improper classification has been created.

First Sentence
Further, we find no absolute requirement in the first sentence of section 193.016 that the appraiser follow the VAB's assessment. As Judge Benton wrote in his dissent, "section 193.016 . . . requires only that the property appraiser `consider' what the valuation adjustment board did the year before (assuming no successful appeal)[; it] is not a directive to arrive at any assessment that does not represent just valuation." Id. at 622. We agree. Rather than being unreasonable or arbitrary, it would appear that consideration of such circumstances would be relevant to the property appraiser's current just value determination in much the same way that section 193.011(8) requires consideration of the recent sale of the property.
As noted above, by this requirement it appears that the Legislature is simply mandating that a relevant circumstance, i.e., a determination of just value by a lawfully constituted body, the VAB, be considered. We do not find it unreasonable or arbitrary, or more importantly, violative of the just value provisions of article VII, section 4 for the Legislature to require consideration of this circumstance. Presumably, for example, a wise tax appraiser would not ignore his or her most recent appraisal of the property's just value or a court decision on the same issue. Why should he or she likewise not consider the VAB's recent decision?

Second Sentence
We also agree with the dissent below that the second sentence of section 193.016 presents a more difficult issue. But, obligated as we are to construe the statute as constitutional if possible, we also find that the requirement in section 193.016 that the appraiser justify his or her decision to upwardly adjust the VAB's assessment does not interfere with the appraiser's discretion because it is simply regulating the procedural method of assessment when there has been a successful appeal to the VAB, rather than interfering with the appraiser's ultimate discretionary act in determining just value. It would appear that the Legislature has concluded that it makes more sense for the property appraiser to consider the recent proceedings before the VAB than to have those proceedings ignored and then, if the taxpayer is aggrieved, to have the taxpayer himself or herself assert the prior VAB proceedings in a subsequent appeal to the VAB or the courts. Again, as Judge Benton notes, a consideration of the just value determination of the VAB appears to be "a perfectly reasonable way to proceed, and is no more an impediment to attaining just valuation than considering last year's sales is." Id. at 623. We cannot ignore the fact that VABs exist and that those boards have been given a lawful role to play in the determination of just value.
In effect, the Legislature is saying that the appraiser should not ignore those relevant proceedings which may have taken place concerning the assessment of the property in question. See Bystrom, 543 So.2d at 216 (noting that in determining just value, the property appraiser must consider, but not necessarily apply, each of the eight factors set forth in section 193.011); Dist. Sch. Bd. of Lee County v. *646 Askew, 278 So.2d 272, 277 (Fla.1973) (stating "that the Legislature has the power to regulate the method of assessments, but not to interfere with the [appraiser]'s discretion"). In fact, consideration of the VAB's prior findings should increase efficiency and fairness in the process by making certain that all relevant circumstances are considered and by reducing future appeals to the VAB.

CONCLUSION
We conclude that the Legislature has not usurped the appraiser's constitutional mandate to determine just valuation by requiring the appraiser's consideration of the VAB's findings as a logical factor in the consideration of all the circumstances involved in arriving at just valuation for the year immediately after the VAB's determination of just value. Moreover, we agree with the trial court that there is no suspect classification involved, and we agree with Judge Benton that the statute "is not a directive to arrive at any assessment that does not represent just valuation." Howard, 859 So.2d at 622 (Benton, J., dissenting).
Because we conclude that section 193.016 is merely a procedural requirement that does not usurp the appraiser's discretion in arriving at just valuation and does not establish a method of valuation or a classification of property that violates the just value provisions of article VII, section 4, we reverse the district court's decision and remand for further proceedings consistent herewith.
It is so ordered.
PARIENTE, C.J., and WELLS, LEWIS, CANTERO, and BELL, JJ., concur.
QUINCE, J., dissents with an opinion.
QUINCE, J., dissenting.
I would approve the decision of the First District Court of Appeal finding section 193.016, Florida Statutes (2001), unconstitutional because it violates the uniform valuation requirement of article VII, section 4 of the Florida Constitution. As the district court explained, article VII, section 4 requires the Legislature to enact a property valuation methodology that applies to all types of property. This Court has not hesitated to sustain challenges to statutes where there has been a methodology enacted that was applicable to only specific classes of property. See Valencia Center, Inc. v. Bystrom, 543 So.2d 214 (Fla.1989); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla.1973).
As the First District said:
Section 193.016 suffers from the same constitutional infirmity as did the statutes involved in Snyder and Bystrom, because it prescribes a valuation methodology applicable to only a special class of tangible personal property.
. . . .
As previously indicated, the legislature enacted section 193.011 in compliance with article VII, section 4, which requires the legislature to adopt a uniform methodology for valuation of all types of property for purposes of ad valorem taxation. Section 193.011 specifies a list of eight factors which "the property appraiser shall take into consideration" in arriving at a just valuation for all types of property (emphasis supplied). The legislature is authorized to add to or modify the list of factors to be considered by the property appraiser when determining valuations for all types of property. But, except in circumstances specified in article VII, section 4, and not present in this case, it may not provide additional or different factors which are applicable to only a *647 limited class of property. Because this is the effect of both sentences of section 193.016, the statute violates article VII, section 4 of the state constitution and is facially unconstitutional in its entirety.
Fla. Dep't of Revenue v. Howard, 859 So.2d 619, 620-21 (Fla. 1st DCA 2003) (footnote omitted).
Because the methodology provided for in section 193.016 involves only a specific class of personal property, I would approve the district court's determination that the section violates the Florida Constitution.