DODSON, CHARLES W., Associate Judge.
These consolidated appeals challenge the constitutionality of the dispute resolution process established by section 408.7057, Florida Statutes (2009), as applied to a respondent. That statute directs appellee Agency for Health Care Administration (AHCA) to establish a program to provide assistance for the resolution of disputes between health plans and health care providers. It also instructs AHCA to contract with a dispute resolution organization. Consequently, AHCA contracted with Maximus, a private dispute resolution organization.
Appellants are Blue Cross and Blue Shield of Florida, Inc., and its wholly owned subsidiary Health Options, Inc. (collectively, “Blue Cross”). Appellees (1) Outpatient Surgery Center of St. Augustine, LLC (2) Lake-Sumter Emergency Medical Services and (3) Bayfront Medical Center, Inc., are medical service providers and are collectively referred to as “the Providers.”
The Providers have no contractual entitlement to direct payment from Blue Cross. They bill their patients (in these cases Blue Cross customers), who are reimbursed by Blue Cross. In these cases the Providers claimed underpayment by Blue Cross and submitted their disputes to Maximus.
Pursuant to section 408.7057 and the applicable administrative rule, Maximus obtained documentation from Blue Cross and the Providers. After review of that documentation, Maximus applied its procedure for determining the reimbursement amount and made its recommendation to AHCA. That recommendation was adopted by AHCA, as required by section 408.7057(4), and a final order entered. It was from that final order that this appeal was taken.
The dispute resolution procedure used by Maximus involves no testimony and no hearing. It is purely a document review. AHCA is required to adopt the recommendation of the dispute resolution organization. Blue Cross objects to this procedure, claiming it to be unconstitutional. Blue Cross claims violations of (1) the right of access to the courts, (2) the non-delegation doctrine, (3) due process, and (4) the right of trial by jury.
When reasonably possible, this court should give a statute a constitutional construction. See Bush v. Holmes, 919 So.2d 392, 405 (Fla.2006) (observing that an appellate court “should give a statute a constitutional construction where such a construction is reasonably possible”); Tyne v. Time Warner Entm’t Co., L.P., 901 So.2d 802, 810 (Fla.2005) (“This Court has an obligation to give a statute a constitutional construction where such a construction is possible.”). Statutes come to this court clothed with a presumption of constitutionality. See Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 508 (Fla.2008) (recalling the “well-established principle that a legislative enactment is presumed to be constitutional”); Fla. Dep’t of Revenue v. Howard, 916 So.2d 640, 642 (Fla.2005) (“[W]e are obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome *954 whenever possible.”); Dep’t of Legal Affairs v. Rogers, 329 So.2d 257, 265 (Fla.1976) (“[T]he legislature is presumed to have intended to enact a valid and constitutional law and ... we will construe a statute, if possible, in such a manner as will be conducive to its constitutionality.”).
The courts have consistently referred to the procedure outlined in section 408.7057as “voluntary.” See Baycare Health Sys., Inc. v. Agency for Health Care Admin., 940 So.2d 563, 569 (Fla. 2d DCA 2006) (concluding that section 408.7057“creates a voluntary process that is an alternative to the formal administrative process”); Merkle v. Health Options, Inc., 940 So.2d 1190 (Fla. 4th DCA 2006) (finding “no indication in section 408.7057 that the dispute resolution process is mandatory”); Adventist Health Sys./Sunbelt, Inc. v. Blue Cross and Blue Shield, 934 So.2d 602, 604 n. 2 (Fla. 5th DCA 2006) (denying that “the statutory, voluntary dispute resolution process established pursuant to section 408.7057, Florida Statutes (2005), must first be exhausted”). The statute provides at section 408.7057(2)(b)6 that the resolution organization shall review disputed claims unless the claim “is the basis for an action pending in state or federal court.” Thus, after these claims were filed with Maximus by the Providers, Blue Cross could have filed suit and had the dispute addressed in court, with all the constitutional safeguards provided by a court proceeding. Consistent with our holding in Health Options, Inc. v. Agency for Health Care Administration, 889 So.2d 849 (Fla. 1st DCA 2004), such a suit could have been filed at any time before fact-finding was concluded by Maximus.
This construction is consistent with the position taken by the Appellees. AHCA states in its brief “Appellants could have opted out of dispute resolution by simply informing AHCA or Maximus that they did not want to participate or by filing a declaratory or other action in circuit court.” The Providers state in their brief “even after one party invokes the dispute resolution process by filing a claim with the resolution organization, the non-invoking party may file a civil action, stopping the resolution organization from considering the claim until the point that fact-finding is complete.”
This is the procedure adopted by the Legislature. Because the statute includes a right of both a petitioner and a respondent to file suit, we find it to be constitutional.
Appellants retained the right to judicial review pursuant to section 120.68, Florida Statutes (2009). Pursuant to that review, the final orders entered by AHCA are affirmed.
AFFIRMED.
DAVIS, J., concurs, and WETHERELL, J., Dissents with Opinion.