PARIENTE, J.,
dissenting.
I agree with the statutory, construction analysis set forth in Justice Canady’s dissent, which appropriately relies upon both the plain language of the statute and the interpretation of the statutory phrase “least restrictive” in the context of the statutory scheme to explain why the well-reasoned opinion of Judge Stafford in J.R. v. Hansen, No. 4:11cv417-WS, 2012 WL 1886438 (N.D.Fla. May 22, 2012), correctly *721 interpreted chapter 393, Florida Statutes. I write to add to that matrix of statutory-construction the cardinal principle that statutes should, whenever possible, be construed to ensure a constitutional outcome.
The clear and indisputable result of the majority’s statutory interpretation, despite the majority’s avoidance of it, will be a finding that the statute is unconstitutional. Yet, even though the constitutional question is at the heart of this case, the majority declines in its statutory interpretation analysis to consider one of the fundamental principles of statutory construction — ■ that courts must strive “to construe challenged legislation to effect a constitutional outcome whenever possible.” Scott v. Williams, 107 So.3d 379, 384 (Fla.2013) (quoting Fla. Dep’t of Revenue v. Howard, 916 So.2d 640, 642 (Fla.2005)). Further, courts are obligated to give statutes-“a fair construction that is consistent with the federal and state constitutions as well 'as with the legislative intent.” Caple v. Tuttle’s Design-Build, Inc., 753 So.2d 49, 51 (Fla.2000) (quoting State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994)).
The majority claims that because the first two certified questions do not ask this Court to resolve the ultimate issue of whether the statute is facially unconstitutional, it does not need to apply the presumption of constitutionality. See majority op. at 717 (declining to apply the principle that statutes should be interpreted in a way to uphold their constitutionality because the first two certified questions do not ask this Court to resolve the ultimate issue of constitutionality). However, the third certified question, which the majority declines to answer, asks exactly whether this statute is constitutional, and that is the ultimate issue the Eleventh Circuit Court of Appeals was asked to decide. See J.R. v. Hansen, 736 F.3d 959, 971-73 (11th Cir.2013).
I simply do not see how the majority can ignore the constitutional implications of its analysis of a state statute that is being specifically attacked as facially unconstitutional and- fail in its statutory interpretation to view the statute through the lens of the presumption of constitutional validity. For all these reasons, I join in' Justice Canady’s dissent. I would answer the first two certified questions in the affirmative and ensure that this Court’s analysis of the statute is faithful to our obligation to construe statutes in a manner that upholds their constitutionality.