609 So.2d 84 (1992)
OCEAN HIGHWAY AND PORT AUTHORITY, Fernandina Industrial Corporation, Fernandina Marine Construction Management, and Container Corporation of America, Appellants,
v.
James PAGE, as Nassau County Property Appraiser, Appellee.
No. 91-4079.
District Court of Appeal of Florida, First District.
November 24, 1992.
*85 Arthur I. Jacobs, Fernandina Beach, for appellants.
Granville C. Burgess, Fernandina Beach, Larry E. Levy, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Ocean Highway and Port Authority (Port Authority), seeks review of a final judgment upholding an ad valorem property tax assessment made by appellee, Nassau County Property Appraiser James Page (Property Appraiser), on improvements constructed by appellant on land it leased from three private corporations. We affirm. Although appellant has raised several points on appeal, we need only address its contention that the trial court erred by determining the improvements were not tax exempt under the circumstances.
The Port Authority is a "body politic" created by the legislature in 1947 for the purpose of benefiting the public by operating a port or harbor in Nassau County. Ch. 21418, §§ 4, 5 & 12, Sp.Acts (1941); Ch. 24733, §§ 4 & 5, Sp.Acts (1947); Ch. 26048, § 1, Sp.Acts (1949); Ch. 67-1739, § 1, Sp. Acts (1967); Ch. 69-1328, § 1, Sp.Acts (1969). The legislature, by special act, exempted all property, real or personal, owned by the Port Authority, and the revenues and income derived from its services and facilities from all taxation by the state. Ch. 26048, § 3, Sp.Acts (1949).
During 1986, the Port Authority entered into leases with Fernandina Industrial Corporation, Fernandina Marine Construction Management, and Container Corporation of America to lease lands owned by the corporations for the purpose of operating the port. The Port Authority, after entering into the leases, constructed improvements on the land, which were used in its operation of the port. Thereafter, the Property Appraiser assessed the land and the improvements for ad valorem tax purposes.
Each of the three corporations filed suit in circuit court challenging the tax assessment. The actions were consolidated and an amended complaint stating all three claims was filed. Each claim contained an allegation that the individual corporation, which was not tax exempt, owned the property leased to the Port Authority, but that the corporation did not own the works or undertakings (improvements) constructed on the property by the tax-exempt Port Authority. All three plaintiffs asserted that the property appraiser had arbitrarily overvalued the property by including in the assessment the value of improvements constructed by the tax-exempt Port Authority.
The matter proceeded to nonjury trial, after which the trial court entered a final judgment upholding the property appraiser's assessments. In so doing, the court noted that there was no statutory authority *86 to separate the various interests in a single parcel of property for tax purposes and that no exemption exists for governmentally used, but privately owned land.
Although the Port Authority was tax exempt by virtue of legislative special act in chapter 26048 when it was created, the legislature repealed that exemption when it enacted Chapter 71-133, Section 14, Laws of Florida.[1] Consequently, the Port Authority cannot claim a tax exemption under chapter 26048. See Straughn v. Camp, 293 So.2d 689 (Fla.) (chapter 71-133 repealed exemption afforded taxpayer under special act), appeal dismissed, 419 U.S. 891, 95 S.Ct. 168, 42 L.Ed.2d 135 (1974). Accord Williams v. Jones, 326 So.2d 425 (Fla. 1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976). Therefore, before the Port Authority can claim an exemption, it must show that it meets the requirements of some other exemption in Chapter 196, Florida Statutes.[2]
The Port Authority claims an exemption for the improvements under Section 196.192, Florida Statutes (1989), which provides as follows:
Subject to the provisions of this chapter:
(1) All property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
(2) All property owned by an exempt entity and used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use.
The Port Authority argues that it is a tax-exempt entity and that it owns the improvements constructed on the leased premises. Moreover, it is using the improvements exclusively for exempt purposes, that is, operating the port, which was declared a public purpose under chapter 21418. Thus, the Port Authority claims that its "property," the improvements, should be declared tax exempt.
We cannot agree. While section 196.192, as it existed when the Port Authority entered into the leases in 1986, allowed for a tax exemption for "[a]ll property used exclusively for exempt purposes,"[3] section 196.192 was amended in 1988 to require that the property be "owned by an exempt entity and used exclusively for exempt purposes" before an ad valorem tax exemption would be allowed. See Ch. 88-102, § 2, Laws of Fla.; § 196.192, Fla. Stat. (Supp. 1988). Thus, under the plain language of section 196.192, an ad valorem tax exemption is only permitted when the property in question is both owned and used by the tax-exempt entity. See Mastroianni v. Memorial Medical Ctr. of Jacksonville, Inc., 606 So.2d 759 (Fla. 1st DCA 1992) (nonprofit hospital corporation was not entitled to ad valorem tax exemption on property it sold to for-profit corporations but then leased back for hospital use, because it did not have legal title to property). It is undisputed in the instant case that the Port Authority does not own the real property; therefore, it is not entitled to a tax exemption under section 196.192.
In so holding, we note that Section 192.001(12), Florida Statutes (1989), which is part of the general provisions for taxation, defines "real property" as "land, buildings, fixtures, and all other improvements to land." Property appraisers are required to consider all interests in the land, including leases, and to assess its value as one in fee simple when determining taxable value. See Schultz v. TM Fla.Ohio *87 Realty Ltd. Partnership, 577 So.2d 573 (Fla. 1991); Valencia Ctr., Inc. v. Bystrom, 543 So.2d 214 (Fla. 1989); Homer v. Dadeland Shopping Ctr., Inc., 229 So.2d 834 (Fla. 1969). Moreover, while chapter 196 affords exemptions for certain leasehold interests in governmentally owned land,[4] the chapter provides no similar exemption for privately owned property leased to a governmental entity.
Because the Port Authority failed to show that it was entitled to an ad valorem tax exemption as to the improvements it constructed on the privately owned land it leased, we conclude that the trial court did not err in upholding the tax assessment. The order is therefore
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] Chapter 71-133, section 14 provides:

All special and local acts or general acts of local application granting specific exemption from property taxation are hereby repealed to the extent that such exemption is granted... .
[2] See Section 196.001, Florida Statutes (1989), which provides:

Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
(1) All real and personal property in this state and all personal property belonging to persons residing in this state; and
(2) All leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state.
[3] § 196.192, Fla. Stat. (1985).
[4] See § 196.199, Fla. Stat. (1989). And see Page v. Fernandina Harbor Joint Venture, 608 So.2d 520 (Fla. 1st DCA 1992) (upholding final judgment declaring ad valorem tax assessment on improvements made by private corporation to leasehold of governmentally owned property used for public purpose void under section 196.99).