# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4313

_____

GENESIS MINISTRIES, INC.,
a Delaware Corporation,

     Appellant,

     v.

GREGORY S. BROWN, as Property
Appraiser for Santa Rosa
County, Florida; STAN COLIE
NICHOLS, as Tax Collector for
Santa Rosa County, Florida; and
LEON M. BIEGALSKI, as
Executive Director of the Florida
Department of Revenue,

     Appellees.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

July 25, 2018

ROWE, J.

Genesis Ministries, Inc. appeals an order granting summary judgment in favor of Gregory S. Brown and Stan Nichols, as Property Appraiser and Tax Collector for Santa Rosa County, Florida. Genesis had filed an action challenging tax assessments made from 2005 to 2013. Genesis raises several arguments

regarding its entitlement to tax exemption during this period, only two of which merit discussion.* We agree with the trial court's conclusion that Genesis was not entitled to exemption from ad valorem taxes from 2005 to 2012. However, as to the 2013 tax year, because the property appraiser failed to comply with the statutory notice requirements of section 196.193(5), Florida Statutes (2013), the property appraiser improperly denied Genesis's existing tax exemption for 2013. Accordingly, we reverse the grant of summary judgment with respect to the 2013 taxes and remand for entry of summary judgment in favor of Genesis consistent with this opinion.

## I. Background

In 1994, Reverend Dr. Michael Palmer formed Genesis Ministries, Inc. under the laws of Delaware. At or around the same time, Genesis acquired title to property in Santa Rosa County, Florida. From 1994 to 2004, Genesis operated a Christian church and school on the property—Genesis Ministries and Victory Christian Academy. Palmer also formed a Florida non-profit corporation, Genesis Ministries, Inc., without specifying the purpose of the non-profit. Genesis applied for and was granted a "religious exemption" from ad valorem taxes from 1994 to 2004.

In 2004, Palmer closed Victory Christian Academy, dissolved the Florida non-profit Genesis Ministries, and moved to Iowa. After the school closed, Russell Cookston, a former employee of Genesis Ministries, entered into a commercial lease and agreement with Palmer to lease the property where the former church and school had operated. Cookston formed a new corporation called Lighthouse of Northwest Florida, Inc. for the purpose of operating a new Christian church and school— Lighthouse Ministries and Lighthouse Academy. From 2005 to 2013, Lighthouse of Northwest Florida, Inc. paid rent and operated the Christian church and school on the property. Genesis, as the property owner, continued to receive a "religious exemption" from ad valorem taxes from 2005 to 2012.

_____

* We affirm without comment all other issues raised by Genesis on appeal.

2

In a February 26, 2013 letter, the property appraiser informed Genesis that it no longer qualified for a tax exemption for the property. An investigation by the property appraiser revealed that Genesis had dissolved in 2004. Thus, according to the property appraiser, Genesis erroneously received exemption from ad valorem taxes from 2005 to 2012. The property appraiser indicated it would file a lien against Genesis for recovery of the amount of taxes exempted from 2005 to 2012, plus penalties and interest. In the same letter, the property appraiser notified Genesis that it was revoking Genesis's tax exempt status for the 2013 tax year.

In August 2013, Genesis received a standard Truth in Millage Notice listing the amount of taxes owed for 2013. The county's 2013 tax rolls were certified on October 18, 2013, and Genesis's property was listed as fully taxable with no exemption.

After seeking explanation from the property appraiser, Genesis received a letter that the tax determination would not be changed. Genesis then sold the property and paid the tax lien and 2013 taxes under protest. In September 2014, Genesis sued the property appraiser, the tax collector, and the executive director of the Department of Revenue, asserting its entitlement to the religious exemption from 2005 to 2013 and seeking a refund of the taxes paid under protest.

The trial court dismissed Genesis's complaint on jurisdictional grounds, finding Genesis was barred from challenging both the imposition of the tax lien and the denial of the 2013 exemption because Genesis failed to file suit within 60 days after the certification of the tax rolls as required under section 194.171(2), Florida Statutes (2013). Genesis appealed, and this Court reversed. *See Genesis Ministries, Inc. v. Brown*, 186 So. 3d 1074, 1082 (Fla. 1st DCA 2016) (*Genesis I*). We held that the 60-day period in section 194.171(2) does not apply to actions challenging a tax lien. *Id.* at 1079. As to the denial of the 2013 exemption, we reiterated that the 60-day period does not begin to run if the property appraiser fails to strictly comply with the applicable statutory notice requirements. *Id.* at 1077 (citing *Chihocky v. Crapo*, 632 So. 2d 230, 232-33 (Fla. 1st DCA 1994)). We remanded

the case, noting that further record development was necessary to determine whether the property appraiser complied with the requirements of section 196.193(5), Florida Statutes (2013). *Id.* at 1080-82.

On remand and after several months of discovery, the parties filed competing motions for summary judgment. Genesis argued it was entitled to exemption because it continuously operated a Christian church and school on the property through Lighthouse of Northwest Florida, Inc. The property appraiser argued Genesis had no involvement with the operation of the Christian church or school and instead used the property for the purpose of obtaining substantial lease income. As to the denial of the 2013 tax exemption, the parties disputed whether the property appraiser satisfied the statutory notice requirements of section 196.193(5), Florida Statutes.

The trial court granted summary judgment in favor of the property appraiser, finding Genesis was not entitled to the tax exemption because it held the real property for the production of commercial rent. This appeal followed.

## II. Analysis

We review the trial court's order granting summary judgment de novo. *Lesnik v. Duval Ford, LLC*, 185 So. 3d 577, 580 (Fla. 1st DCA 2016). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

Unless expressly exempted, all real property in the state is subject to taxation. § 196.001(1), Fla. Stat. (2005). While certain properties may qualify for an exemption, tax exemptions are highly disfavored and are strictly construed against the party claiming them. *See Sebring Airport Auth. v. McIntyre*, 642 So. 2d 1072, 1073 (Fla. 1994). The claimant has the burden to show entitlement to tax exemption, and any ambiguity should be resolved against the taxpayer and against exemption. *Volusia Cty. v. Daytona Beach Racing & Recreational Facilities Dist.*, 341 So.

4

2d 498, 502 (Fla. 1976); *Markham v. PPI, Inc.*, 843 So. 2d 922, 925 (Fla. 4th DCA 2003).

## A.  2005 to 2012 Taxes

"All property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation."  § 196.192(1), Fla. Stat. (2005).  The law requires that the exempt entity both own *and* use the property.  *Ocean Highway & Port Auth. v. Page*, 609 So. 2d 84, 86 (Fla. 1st DCA 1992) ("[U]nder the plain language of section 196.192, an ad valorem tax exemption is only permitted when the property in question is *both owned and used* by the tax-exempt entity.") (emphasis in original); *see also Metropolitan Dade Cty. v. Bros. of Good Shepherd, Inc.*, 714 So. 2d 573, 573 (Fla. 3d DCA 1998) (reversing final judgment, finding that "the property in question, although concededly used for exempt charitable purposes by an exempt entity, was not, as the statute requires, 'owned' by that entity").  It is not enough that an exempt entity owns the property and that the property is being used for exempt purposes.  The exempt entity owner must also be the entity using the property for exempt purposes.  *Ocean Highway*, 609 So. 2d at 86.

Here, it was undisputed Genesis owned the property.  However, the evidence before the trial court demonstrated that Genesis was not the entity that used the property for exempt purposes.  Lighthouse of Northwest Florida, Inc., a distinct and separate entity, operated the Christian church and school on Genesis's property.  That a former employee of Genesis formed Lighthouse does not create a corporate or contractual relationship between Genesis and Lighthouse.  At oral argument, Genesis admitted that Lighthouse was a completely separate corporate entity.  Because the undisputed evidence shows Genesis was not the entity that used the property for exempt purposes from 2005 to 2012, it was not entitled to tax exemption during those years.  *See* § 196.192(1), Fla. Stat. (2005); *Ocean Highway*, 609 So. 2d at 86.

## B.  2013 Tax Exemption Revocation

Genesis argues the property appraiser's denial of the 2013 exemption was invalid as a matter of law because the property

appraiser failed to comply with the statutory notice requirements. In order to revoke an existing tax exemption, the property appraiser must follow the notice requirements outlined in section 196.193(5), Florida Statutes (2013). As we explained in *Genesis I*, "section 196.193(1)(c) necessarily contemplates that the property appraiser is required to provide notice in accordance with subsection (5) when denying an existing religious exemption." 186 So. 3d at 1081. Although dicta, we added that the "Legislature has made clear that the property appraiser's failure to comply with the notice requirements in section 196.193(5) has consequences . . . [the] statutory provision would be meaningless if, as Appellees argue, Genesis was barred from challenging the denial of its exemption for 2013 when it was not provided notice of the denial." *Id.* at 1082; § 196.193(5)(b), Fla. Stat. (2013) ("If a property appraiser fails to provide a notice that complies with this subsection, any denial of an exemption or an attempted denial of an exemption is invalid.").

Now, with a fully developed record after remand, it is undisputed that the property appraiser failed to provide Genesis with the proper notice. The property appraiser's February 26, 2013 letter to Genesis did not notify Genesis of its right to appeal the property appraiser's revocation to the value adjustment board. *See* § 196.193(5)(c), Fla. Stat. (2013). And the Truth in Millage Notice, delivered after the July 1 deadline did not cure the deficiency in the notice. *See* § 196.193(5)(a), Fla. Stat. (2013) ("If the property appraiser determines that any property claimed as wholly or partially exempt under this section is not entitled to any exemption . . . he or she shall notify the person or organization . . . in writing on or before July 1 of the year for which the application was filed.").

Accordingly, with regard to the trial court's entry of summary judgment in favor of the property appraiser with respect to the denial of the 2013 tax exemption, we reverse and remand with instructions to grant summary final judgment in favor of Genesis. We affirm the summary judgment order in all other respects.

AFFIRMED in part, REVERSED and REMANDED in part with instructions.

WETHERELL and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Douglas L. Smith of Burke, Blue, Hutchison, Walters & Smith, P.A., Panama City, for Appellant.

Thomas M. Findley of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Tallahassee, for Appellees Gregory S. Brown and Stan Colie Nichols; Pamela Jo Bondi, Attorney General, and Timothy E. Dennis, Chief Assistant Attorney General, Tallahassee, for Appellee Leon M. Biegalski.