# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3549

_____

RONALD ROGERS and
KAREN ROGERS,

     Appellants/Cross-Appellees,

     v.

JIM ZINGALE, as Executive
Director of the Florida
Department of Revenue,

     Appellee/Cross-Appellant,

     and,

GARY GREGOR, Property
Appraiser and RHONDA SKIPPER,
Tax Collector of Walton County,

     Appellees/Cross-Appellees.

_____

On appeal from the Circuit Court for Walton County.
David W. Green, Judge.

December 23, 2024

OSTERHAUS, C.J.

Ronald and Karen Rogers appeal a final judgment entered for the Walton County Property Appraiser denying their twenty-year-

old homestead property tax exemption. Appellants argue that the Property Appraiser failed to provide them the notice required by § 196.193(5), Florida Statutes, before denying the exemption. The trial court rejected that argument, concluding that § 196.193(5)'s notice requirement doesn't apply to homestead property tax exemptions, and that, even if it did apply, the Property Appraiser complied with it. We reverse because the notice requirements in § 196.193(5) applied to the denial of Appellants' homestead exemption and were not complied with.

I.

In 1996, Appellants applied for and received a homestead property tax exemption on their residential property in Walton County. They continued receiving this exemption automatically for the next twenty years. *See* § 196.011(9)(a), Fla. Stat. (allowing counties to waive the requirement to file an annual exemption application). But on June 30, 2017, the Walton County Property Appraiser mailed Appellants a notice denying their homestead exemption. The notice marked two reasons for disapproving Appellants' exemption: (1) not making the property a permanent residence (ss. 196.011 and 196.031, F.S.); and (2) abandoning the homestead by renting it contrary to § 196.061 (entitled "Rental of Homestead to constitute abandonment"):

| REASON FOR DENIAL OR PARTIAL DENIAL | On January 1 of the tax year you did not: |
|---|---|
| ☒ Make the property claimed as homestead your permanent residence. (ss. 196.011 and 196.031, F.S.) | ☐ Meet income requirements for additional homestead, age 65 and older. (s. 196.075, F.S.). |
| ☐ Have legal or beneficial title to your property. | ☐ Use the property for the specified purpose. (Ch. 193, F.S.) |
| ☒ Meet other statutory requirements, specifically: F.S. 196.061 "Rental of Homestead to constitute abandonment." | |

If you disagree with this denial, the Florida Property Taxpayer's Bill of Rights recognizes your right to an informal conference with the local property appraiser. You may also file an appeal with the county value adjustment board, according to sections 196.011 and 196.193, Florida Statutes. Petitions involving denials of exemptions or classifications are due by the 30th day after the mailing of this notice, whether or not you schedule an informal conference with the property appraiser.

| Signature, property appraiser or deputy | Walton County | 6/30/2017 Date |
|---|---|---|

After receiving the notice, Appellants contacted the Property Appraiser claiming that the notice was invalid. The Property Appraiser responded in a letter dated July 13, 2017, providing an explanation of the facts leading to the denial of Appellants' tax exemption. It stated that the Property Appraiser denied Appellants' homestead exemption after receiving an anonymous

2

tip about Appellants' renting their property. After investigating, the Property Appraiser concluded that Appellants were renting their property.

Appellants filed a circuit court action contesting the denial of their homestead property tax exemption. Ultimately, both parties sought summary judgment and the trial court ruled that only the notice requirements in § 196.151 apply. It added that if the notice requirements of § 196.193(5) also apply, then the Property Appraiser's notice satisfied both requirements. Appellants appealed.

II.

This case hinges on the interpretation of exemption provisions in Chapter 196. Orders granting final summary judgment, as well as matters of statutory interpretation, are reviewed de novo. *Crapo v. Univ. Cove Partners, Ltd.*, 298 So. 3d 697, 700 (Fla. 1st DCA 2020); *see also* Art. V, § 21, Fla. Const. (requiring the de novo interpretation of statutes in administrative cases). "In interpreting the statutes, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Dozier v. Duval Cnty. Sch. Bd.*, 312 So. 3d 187, 192 (Fla. 1st DCA 2021) (quoting *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020)). "A statute that is clear and unambiguous on its face requires no construction and should be applied in a manner consistent with its plain meaning." *Id.* (quoting *Geico Indem. Co. v. Accident & Inj. Clinic, Inc.*, 290 So. 3d 980, 983 (Fla. 5th DCA 2019)).

Florida law safeguards the rights of real property owners "during [the] tax levy, assessment, collection, and enforcement processes administered under the revenue laws of this state." § 192.0105, Fla. Stat. And taxpayers' "RIGHT TO KNOW" rights include, for instance: "[t]he right of an exemption recipient . . . to notice of denial of the exemption (see ss. 196.011(6), 196.131(1), 196.151, and 196.193(1)(c) and (5))." § 192.0105(1)(f), Fla. Stat.; *see also* Art. I, § 25, Fla. Const.

3

This case involves the applicability of notice rights in two of the statutes referred to in § 192.0105(1)(f). Appellants argue that the heightened notice requirements in § 196.193(5) apply to the denial of its homestead exemption. And the Florida Department of Revenue agrees with them. However, the Property Appraiser disagrees and asserts that only § 196.151 applies in cases involving the denial of a homestead exemption.

These two exemption notice provisions state, in relevant part:

**196.151 Homestead exemptions; approval, refusal, hearing.** – The property appraisers of the counties of the state shall, as soon as practicable after March 1 of each current year and *on or before July 1* of that year, carefully consider all applications for tax exemptions that have been filed in their respective offices on or before March 1 of that year. . . . If, after due consideration, the property appraiser finds that the applicant is not entitled under the law to the exemption asked for, he or she *shall immediately make out a notice of such disapproval, giving his or her reasons therefor*, a copy of which notice must be served upon the applicant by the property appraiser either by personal delivery or by registered mail to the post office address given by the applicant.

*      *      *

**196.193 Exemption applications; review by property appraiser.—**

(1)(a) All property exempted from the annual application requirement of s. 196.011 shall be returned, but shall be granted tax exemption by the property appraiser. . . .

*      *      *

5)(a) If the property appraiser determines that any property claimed as wholly or partially exempt under this section is not entitled to any exemption or is entitled to an exemption to an extent other than that requested in the application, he or she shall notify the person or organization filing the application on such property of

4

that determination in writing *on or before July 1* of the year for which the application was filed.

(b) The notification must state in clear and unambiguous language the specific requirements of the state statutes which the property appraiser relied upon to deny the applicant the exemption with respect to the subject property. The notification must be drafted in such a way that a reasonable person can understand specific attributes of the applicant or the applicant's use of the subject property which formed the basis for the denial. *The notice must also include the specific facts the property appraiser used to determine that the applicant failed to meet the statutory requirements. If a property appraiser fails to provide a notice that complies with this subsection, any denial of an exemption or an attempted denial of an exemption is invalid.*

(Emphasis added).

In this case, the Property Appraiser provided Appellants notice of his decision to deny their homestead exemption. But Appellants assert that the notice lacked the specific information required by § 196.193(5). Two requirements in § 196.193(5) loom large here. First, there is an explicit notice deadline requirement. Property appraisers must notify a property owner of a determination to deny an exemption "in writing on or before July 1 of [the relevant tax year]." § 196.193(5)(a), Fla. Stat. Second, the notice must contain certain information, including the "specific facts . . . used to determine that the applicant failed to meet the statutory requirements." § 196.193(5)(b), Fla. Stat. Subsection (5)(b) concludes by setting forth a stiff penalty for noncompliance with its notice provision: "If a property appraiser fails to provide a notice that complies with this subsection, any denial of an exemption or an attempted denial of an exemption is invalid." *See Genesis Ministries, Inc. v. Brown* (*Genesis II*), 250 So. 3d 865, 869 (Fla. 1st DCA 2018) (applying § 196.193(5)(b) and reversing a property appraiser's exemption denial).

The Property Appraiser argues that § 196.193(5) doesn't apply to the denial of homestead exemptions but only to religious- and

5

educational-type institutional exemptions. But his arguments against applying § 196.193(5) don't stand up to the statutory text. Nothing in § 196.193(5) limits its application to institutional entities. Indeed, we have recognized that § 196.193(5)'s "any property" provision extends "broadly" to the denial of exemptions involving any property addressed by the statute. *Genesis Ministries, Inc. v. Brown* (*Genesis I*), 186 So. 3d 1074, 1080-81 (Fla. 1st DCA 2016) ("The notice provisions in section 196.193 broadly apply when the property appraiser determines that any property claimed as wholly or partially exempt under this section is not entitled to any exemption."). The broad application of subsection (5) is consistent with the breadth of the rest of § 196.193. Subsection (1)(a), for instance, refers to a broad class of property exemptions that don't require an annual application under § 196.011, which includes homestead exemptions. *See* § 196.011(9)(a), Fla. Stat. (including homestead property owners among the taxpayers who needn't file a new application each year to receive an exemption).* Section 196.193(2) similarly extends to homestead exemptions with its reference to "[a]pplications required by this chapter." *See* § 196.121, Fla. Stat. (a chapter 196 provision addressing the forms required to claim a homestead exemption). In sum, there is nothing carving out homestead exemptions from the terms of § 196.193, or from subsection (5) in particular. And so, we agree with Appellants and the Department of Revenue that the exemption denial-related requirements in § 196.193(5) apply to homestead exemptions.

Applying § 196.193 to Appellants' circumstances, the Property Appraiser's June 30th denial notice failed to "include the specific facts the property appraiser used to determine that the applicant failed to meet the statutory requirements." § 196.193(5)(b), Fla. Stat. Instead, the notice (pictured above) checked boxes and cited statutes but failed to provide specific investigative facts leading to

---

* Consistent with § 196.011(9)(a), Appellants filed their only homestead property tax exemption application with Walton County in 1996. Thereafter, Appellants became automatic recipients of the exemption each year, having their property returned for two decades without the need to file another homestead exemption application.

6

the Property Appraiser's denial decision. It wasn't until after Appellants questioned the validity of the notice that the Property Appraiser supplied the statutorily required information. By then, however, the Property Appraiser had missed the July 1st deadline for providing proper notice. Documents issued after the § 196.193(5)(a) deadline cannot cure a notice deficiency. *Genesis II*, 250 So. 3d at 869 (reversing in favor of the taxpayer where proper notice curing a notice deficiency wasn't provided until after the July 1st deadline). And so, the Property Appraiser's noncompliant notice requires invalidation of its decision to deny Appellants' exemption, the penalty expressly established by § 196.193(5)(b). *Cf., Genesis II*, 250 So. 3d at 869 (applying the same penalty).

In reaching this decision, we understand the Property Appraiser's argument that § 196.151 controls because it expressly addresses homestead exemptions and conflicts with § 196.193. Where possible, however, we read related statutes *in pari materia* and interpret them together. *Maggio v. Fla. Dep't of Labor and Emp. Sec.*, 899 So. 2d 1074, 1078 (Fla. 2005) ("Under this principle of statutory construction, when two statutes relate to the same thing or to the same subject or object, the statutes are construed together so as to harmonize both statutes and give effect to the Legislature's intent."). Appellants and the Florida Department of Revenue assert that nothing in § 196.151's treatment of homestead exemptions precludes the application of the more detailed notice provisions in § 196.193. We agree with them because § 196.151 sets forth only a modest requirement to give notice and reasons for denying a homestead exemption application. By contrast, § 196.193(5)(b) requires that additional, specific information related to the property appraiser's decision be contained in a denial notice. Compliance with the informational requirements in § 196.193(5)(b) fits easily with § 196.151's more basic notice requirement. As there is no conflict in their requirements, both apply.

Finally, we see no support for affirming on the basis that the Property Appraiser's June 30th denial notice complied with § 196.193(5)(b). The trial court didn't explain its alternative finding that the Property Appraiser's denial notice complied with § 196.193(5)(b). And the problem here, again, is that (5)(b) requires a property appraiser to "include the specific facts the property

appraiser used to determine that the applicant failed to meet the statutory requirements." The Property Appraiser's denial notice didn't include any "specific facts" regarding his evaluation of Appellants' circumstances.

III.

Because the Property Appraiser's denial of Appellants' homestead property tax exemption did not comply with the notice requirements of § 196.193(5)(b), it is invalid. We therefore reverse the order granting summary judgment for the Property Appraiser and remand with instructions to grant summary final judgment in Appellants' favor.

REVERSED and REMANDED with instructions.

BILBREY and NORDBY, JJ., concur.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

Janet R. Varnell of Varnell and Warwick PA, Tampa, and I. Nelson Heggen of Heggen Law, Houston, Texas, for Appellants/Cross-Appellees.

Ashley Moody, Attorney General, and Randi E. Dincher, Sr. Assistant Attorney General, Tallahassee., for Appellee/Cross-Appellant, Jim Zingale.

Loren E. Levy and Sydney E. Rodkey of The Levy Law Firm, Tallahassee, for Appellee/Cross-Appellee, Gary Gregor.